■  In the Matter of RALPH SCOTT, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered August 28, 1979 in Clinton County, which denied petitioner's application and supplemental application in a proceeding pursuant to CPLR article 78. By application dated June 20, 1979, petitioner asserted that his transfer from Attica Correctional Facility to the Clinton Correctional Facility, without prior notice or a hearing, violated his due process rights. In a supplemental application dated the same day, petitioner alleged violation of certain constitutional rights in connection with an adjustment committee hearing. Petitioner alleged in his initial application that prior to his transfer certain events transpired at Attica Correctional Facility which resulted in the death of one inmate and the injury of four others. Petitioner averred· that he took no part in these events. Special Term dismissed petitioner's application and supplemental application and this appeal ensued. Under ordinary circumstances, the transfer of inmates from one facility to another is purely an administrative matter, the prisoner having no standing to choose the place in which he is to be confined (Matter of Johnson v Ward, 64 AD2d 186).. Petitioner demonstrated no unusual circumstances before Special Term, nor has an abuse of discretion by respondent been shown. Consequently, petitioner's application was properly dismissed (Matter of Richards v Czarnetzky, 68 AD2d 984). Several additional facts have been presented in petitioner's brief to this court which are not properly presented in the record, regarding petitioner's alleged classification

as a murder suspect as a result of the events occurring at Attica prior to his transfer. These new averments may not now be considered by this court *(Nolan v County of Otsego,* 55 AD2d 422). Concerning petitioner's supplemental application, there was no allegation therein that he had appealed the decision of the adjustment committee to the superintendent of the institution. In view of the fact that such a review procedure before the superintendent is provided for by 7 NYCRR 270.1 upon written request of the inmate, Special Term properly dismissed petitioner's supplemental application on the ground that he had failed to exhaust available administrative remedies *(Matter of La France v Ward,* 64 AD2d 989). The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.