■ In the Matter of CHARLES BUXTON, Appellant, v CHARLES WINCH, as Deputy Superintendent for Program Services, et al., Respondents.—Appeals (1) from an order of the Supreme Court at Special Term, entered April 7, 1980 in Albany County, which granted a motion by respondents to dismiss petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a disposition of the Adjustment Committee of the Great Meadow Correctional Facility, and (2) from an order of said court, entered September 17, 1980, which denied petitioner's motion to renew the application. Petitioner, then an inmate at the Great Meadow Correctional Facility, commenced this article 78 proceeding to vacate a determination of the internal adjustment committee which allegedly removed him from honor block housing and from his position as a law library clerk in response to his efforts to obtain a copy of the New York Lawyer's Diary and Manual, and to enjoin respondents from transferring him to another facility. Respondents moved to dismiss petitioner's six causes of action on objection in point of law for failure to state a cause of action and on the additional ground that he had failed to exhaust his administrative remedies. Special Term granted the

motion, but its decision does not specify the basis for such relief as to each cause of action. In our opinion, there are insufficient allegations of a factual nature to support the theories asserted in petitioner's first, second, third and sixth causes of action. Although the remaining two adequately plead matters cognizable in an article 78 proceeding, we also conclude that they were properly dismissed because petitioner's administrative remedies had not been exhausted. Whether the action of the adjustment committee was a simple recommendation, as respondents contend, or constituted a binding disciplinary step, further administrative review of its decision and that of the program committee was available (cf. Correction Law, § 139; 7 NYCRR Part 252, 270). Since petitioner failed to demonstrate that resort to those procedures would be futile in his particular case, or that his viable causes of action are founded on constitutional principles, the order first appealed from should be affirmed (see *Matter of Scott v Smith,* 77 AD2d 681; *Matter of La France v Ward,* 64 AD2d 989). However, we are of a different view with respect to the disposition of his subsequent motion to renew the application. The motion was supported by an affidavit of petitioner's attorney which developed a sequence of events occurring after Special Term's initial decision of March 31, 1980. On April 2, petitioner invoked an administrative grievance procedure; on April 8, he was transferred to the Auburn Correctional Facility and, by letter dated May 19, he was advised that the grievance was moot because of the transfer. The factual accuracy of these representations was not contested and there was no suggestion by respondents that other review mechanisms still exist. Accordingly, Special Term should have recognized that the basis for dismissing petitioner's fourth and fifth causes of action had been removed. It should have granted the motion and directed relief to the extent of allowing him to interpose an amended petition. Whether such causes of action possess merit is a question which is not presently before us. Order entered April 7, 1980, affirmed, without costs. Order entered September 17, 1980, reversed, on the law and the facts, without costs; motion granted with leave to petitioner to replead the fourth and fifth causes of action, if he so desires, within 20 days of service of the order to be entered on this decision. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.