OPINION OF THE COURT
George A. Murphy, J.
In this CPLR article 78 proceeding the petitioner seeks to have the respondent, District Attorney, held in contempt. He also seeks an order directing the production of certain materials in the possession of said respondent together with the sealing of such records. The petition against the other named respondents has been withdrawn.
On January 1, 1979, an information was filed against the petitioner charging him with driving while intoxicated. Thereafter, on April 6, 1979, District Court Judge DeMaro dismissed the information on the petitioner’s motion due to the failure of the prosecution to supplement the information with a supporting deposition. The order of dismissal states, in part, as follows: “It would appear to this Court that where a misdemeanor is involved, the dismissal of a ‘criminal’ prosecution for inadequacy of a simplified pleading should not be with prejudice to a future prosecution with adequate pleading. However, that issue is not before the Court at this time.”
A new information was promptly filed against petitioner on April 12, 1979, and he was arraigned on that information in May of 1979. The second information is based on the same conduct alleged in the dismissed defective information.
*752 On June 26, 1980, District Court Judge Jules Orenstein directed the return of fingerprints and photographs as well as the sealing of petitioner’s record under CPL 160.50. Judge Orenstein’s order pertained to the initial information that was dismissed by Judge DeMaro.
The petitioner, in this proceeding, seeks to give effect to the sealing order signed over 14 months after the new information was filed, so as to preclude the respondent, District Attorney, from using the sealed records in the prosecution of petitioner on the pending information.
A criminal trial was scheduled for March 12,1981, in the District Court. At that time petitioner moved to have the prosecution precluded from introducing into evidence the records of the dismissed information. The Trial Judge then referred the matter to Judge DeMaro for a clarification of his prior order dismissing the original information.
On March 16,1981, Judge DeMaro, after oral argument, amended his initial order, nunc pro tunc, by adding the following paragraph: “No subsequent sealing order pursuant to Article 160 of the Criminal Procedure Law shall be construed to preclude use of the records of these proceedings in a future prosecution for the same acts alleged in the information herewith dismissed.”
The respondent, District Attorney, was never served with a copy of Judge Orenstein’s order until March 18, 1981, but prior to that time on March 16, 1981, a copy of the order was made available to the District Attorney’s office for inspection during oral argument before Judge DeMaro.
CPL 160.50 was enacted by the Legislature in 1976 (see L 1976, ch 877, § 1). CPL 160.50 provides basically that upon the termination of a criminal action in one’s favor, every photograph or fingerprint taken be returned and all official records and papers relating to the arrest or prosecution of that charge be sealed. Nevertheless, under the provisions of subdivision 1 of section 160.50 the court, in its inherent power and discretion, may deny eligibility. The initial order of dismisal was not appealed by the respondent, District Attorney, although he had had a right to do so (CPL 450.20); instead the District Attorney chose his *753 equal right, in the alternative, to file a second information on the same facts. It is settled that whenever a dismissal is granted on a motion by defendant without an adjudication on the facts going to guilt or innocence, reprosecution is permitted (People v Key, 45 NY2d 111, 117; Burks v United States, 437 US 1, 14-18; United States v Scott, 437 US 82). In such case “the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause” (United States v Scott, supra, at pp 98-99). Here, there was no adjudication on the facts addressed directly or indirectly to petitioner’s guilt or innocence. The only determination made was that the initial pleading was defective.
Additionally, Judge DeMaro, in his order of dismissal, •by way of dicta, indicated that the criminal prosecution then dismissed for inadequacy should not be with prejudice to a future prosecution. The subsequent clarification of the order of dismissal, nunc pro tunc, served only to permit the District Attorney to utilize for reprosecution the documents in the file of the prior proceeding. The sealing statute was enacted by the Legislature not to bar reprosecution but rather to protect the defendant from having an arrest record haunt him when the ultimate result of the charge was exoneration (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 160.50, Supplementary Pamphlet 1972-1980, pp 399-400; People v Flores, 90 Misc 2d 190).
Clearly, if the existence of the new information had been known and considered by the court, it is highly unlikely that any sealing order would have been entered with respect to the records in the initial proceeding. Justice may not be thwarted by mere inadvertence.
Based on the foregoing, this petition to punish for contempt and other relief is clearly unwarranted and the petition is dismissed.