In the Matter of ZAHID ABUSH SHAHID, Also Known as THOMAS FLOWERS, et al., Respondents, v THOMAS COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.

Third Department, October 22, 1981

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Frederick R. Walsh, Shirley Adelson Siegel* and *William J. Kogan* of counsel), for appellants.

*Robert Selcov (Barbara Schneider Corner* and *Robert A. Kagan* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioners are eight inmates who, at the time of the incidents and proceedings relevant to this appeal, were confined at the Clinton Correctional Facility. On December 10, 1979, officials at the prison issued a posted rule which prohibited inmates from wearing any type of clothing or toweling while taking a shower in the bathhouse. In the month which followed the posting of this rule, petitioners, all of whom are Sunni Muslims, were involved in incidents in which they refused to obey the nude showering rule. It appears that petitioners interpret the teachings of their religion as requiring that their genital area be covered whenever they shower in a communal setting.[1] As a result of these incidents, reports of misbehavior were filed against each of the petitioners. Although petitioners pursued their administrative remedies to differing levels, all were ultimately found to have violated various disciplinary rules.

Meanwhile, while these various disciplinary proceedings were being resolved, a grievance was filed by four of the petitioners and four other Sunni Muslim inmates protesting the nude showering rule. On January 22, 1980, the grievance was resolved in favor of the inmates and the superintendent thereafter amended the prison's shower rule to allow an inmate to wear a clean towel around his waist when taking a shower. However, by letter dated February 1, 1980 to petitioners' attorney, the superinten-

---

1. Chapter 24, verse 30, of the Qu'ran provides:
Say to the believing men
That they should lower
Their gaze and guard
Their modesty: That will make
For greater purity for them:
And God is well acquainted
With all that they do.

dent refused to annul the disciplinary action taken against petitioners for violation of the nude showering rule.

Petitioners commenced this CPLR article 78 proceeding to challenge the disciplinary action taken against them. In addition to having their individual determinations annulled, petitioners sought an order directing respondents to expunge all records relating to the charges from their files and to restore any good time which may have been lost as a result of the proceedings. Special Term granted petitioners' application and this appeal by respondents ensued.

■ Before addressing the central issue presented by this appeal concerning the validity of the prison's nude showering rule and whether petitioners could be disciplined for their failure to obey it, we turn first to some procedural arguments advanced by respondents. Prior to the commencement of this proceeding on June 23, 1980, petitioners Salim M. Abdu Shahid and Hakam Abd Ad'L commenced an identical proceeding against the same respondents involving the same disciplinary action taken as a result of their respective violations of the nude showering rule.[2] In that first article 78 proceeding, Special Term held, by decision dated June 18, 1980, that the nude showering policy was not an exaggerated response but was instead necessary to further a lawful institutional objective. Thus, Special Term ruled that punishment for violation of that rule was constitutional and proper (*Matter of Abdu Shahid v Coughlin,* Supreme Ct, Clinton County, June 18, 1980, SODEN, J.). Until such time, if ever, when that final judgment is reversed on direct appeal, petitioners Salim M. Abdu Shahid and Hakam Abd Ad'L are bound by it under the principle of *res judicata* (see *Parkhurst v Berdell,* 110 NY 386). Accordingly, Special Term acted erroneously in this proceeding when it failed to dismiss the petition insofar as it concerned these two petitioners.

Furthermore, a second defense raised by respondents in their answer, the failure to exhaust administrative remedies, requires the dismissal of the petition insofar as it related to three of the remaining six petitioners. Petitioner Edward Jones, after being found guilty by an adjustment

2. It is interesting to note that Barbara S. Schneider, an attorney for Prisoners' Legal Services of New York, represented the inmates in both of these proceedings.

committee, failed to request review of his case by the superintendent (7 NYCRR 270.1 [a], 252.6). Petitioners Jehan Abdur Raheem and Ishaq Abdullah Mamduh had their cases disposed of by superintendent's proceedings following initial action by an adjustment committee, but each failed to exercise their right to appeal the decision of the superintendent's proceeding to the commissioner (7 NYCRR 253.6 [b]).[3] Accordingly, since each of these three petitioners failed to exhaust their administrative remedies, their application should have been dismissed by Special Term *(Matter of Scott v Smith,* 77 AD2d 681, mot for lv to app den 51 NY2d 708; but cf. *Matter of Buxton v Winch,* 78 AD2d 758).[4]

■ Turning now to the claims made by the three remaining petitioners, Zahid Abush Shahid, Muhammad Abdul Lateef Ibn Yahya and Halim Abdul Ghafuo, respondents argue that the nude showering rule was reasonably related to the valid objective of promoting hygiene and cleanliness within the prison and outweighed any constitutional or statutory right to practice religion possessed by petitioners. We agree. While it is true that convicted prisoners do not forfeit all of their constitutional rights by reason of their conviction and confinement in prison, the retention of these rights does not mean that they are not subject to restrictions and limitation *(Bell v Wolfish,* 441 US 520, 545). Restrictions on the constitutional rights of inmates must be weighed against the institutional needs and objectives being promoted *(supra,* at p 546; *Wolff v McDonnell,* 418 US 539, 556). In addition, the statutory provision protecting the right of prisoners to worship as they please (Correction Law, § 610) does not prevent reasonable re-

3. Although petitioner Muhammad Abdul Lateef Ibn Yahya also failed to appeal his superintendent's proceeding disposition to the commissioner, his disposition, unlike the others, ordered his confinement to his cell for more than 30 days and thus was subject to automatic review by the commissioner (7 NYCRR 270.2 [a] [2]). The record contains no explanation as to why the commissioner did not review petitioner Yahya's case. Regardless of the reason, petitioner Yahya cannot be faulted for this failure to complete administrative review of his case.

4. The argument is made on behalf of those petitioners who failed to exhaust their administrative remedies that it would have been futile for them to do so in view of the commissioner's affirmance of the dispositions rendered at the superintendent's proceedings of petitioners Hakam Abd Ad'L, Zahid Abush Shahid and Halim Abdul Ghafuo. The facts do not support this contention since the time in which to appeal their cases to the commissioner expired prior to when the commissioner's decisions were rendered in the other cases (see 7 NYCRR 253.6 [b], 270.1 [a]).

strictions by prison officials *(Matter of Brown v McGinnis,* 10 NY2d 531, 535-536).

It cannot be argued that the promotion of hygiene and cleanliness is not a valid objective and, in view of its widespread use in large facilities for many years, we cannot say that the nude showering policy adopted by the superintendent herein was unreasonable. The mere fact that the superintendent chose to amend that policy to accommodate the strong religious feelings of some of the Sunni Muslim inmates on this matter does not, as Special Term concluded, indicate that his decision to let stand those punishments arising from violations of the nude showering rule was arbitrary and capricious. Instead, it serves as a reminder that grievance resolution procedures within correctional facilities can accomplish meaningful change. To reason that an existing policy is invalid or overbroad merely because it is later changed by the superintendent of a prison would discourage such changes from occurring and minimize the effectiveness of the grievance resolution procedures. Inmates who object to a particular prison rule should obey the rule until such time as established procedures can effectuate a change. Any holding to the contrary would simply encourage inmates to break rules as a means of addressing their grievances and invite chaos.

Having concluded that the prison's nude showering rule was valid and that the refusal by prison authorities to vacate petitioners' punishment after the rule was subsequently amended was reasonable, we now address ourselves to petitioners' final argument concerning the untimeliness of their superintendent's proceedings. As we recently held in *Matter of Johnson v Smith* (83 AD2d 721), the Department of Correctional Services has adopted a rule which requires that in the absence of exigent circumstances, inmates confined and awaiting a superintendent's proceeding be given such a hearing within seven days. Respondents have conceded that superintendent's proceedings were not held for petitioners Zahid Abush Shahid, Muhammad Abdul Lateef Ibn Yahya and Halim Abdul Ghafuo within seven days of their confinement. Since respondents have not shown any exigent circumstances to

excuse their failure to comply with the seven-day rule, the determinations of these three petitioners' superintendent's proceedings must be annulled and all references thereto expunged from their records (see *Matter of Johnson v Smith, supra*).

The judgment should be modified, on the law, by reversing so much thereof as (1) annulled the determinations of the superintendent's proceedings held for petitioners Hakam Abd Ad'L, Salim M. Abdu Shahid, Jehan Abdur Raheem and Ishaq Abdullah Mamduh, and annulled the determination of the adjustment committee held for petitioner Edward Jones, and (2) expunged from their files all records pertaining thereto, and, as so modified, affirmed, without costs.

MAIN, MIKOLL, YESAWICH, JR., and HERLIHY, JJ., concur.

Judgment modified, on the law, by reversing so much thereof as (1) annulled the determinations of the superintendent's proceedings held for petitioners Hakam Abd Ad'L, Salim M. Abdu Shahid, Jehan Abdur Raheem and Ishaq Abdullah Mamduh, and annulled the determination of the adjustment committee held for petitioner Edward Jones, and (2) expunged from their files all records pertaining thereto, and, as so modified, affirmed, without costs.