■ In the Matter of PATRICK HENRY, as District Attorney of Suffolk County, Respondent, v AUSTIN KELLY, Appellant. — Appeal by defendant from an order of the County Court, Suffolk County (Doyle, J.), dated February 27, 1981, which directed that "all official records and papers sealed under Suffolk County District Court C.C. No. 78-373417, be made available to the 'Suffolk County Police Department and District Attorney's Office of Suffolk County". Order affirmed, without costs or disbursements. The instant application to unseal certain records, was a collateral aspect of a terminated criminal proceeding, and is civil in nature (see *Matter of Hynes v Karassik,* 47 NY2d 659). Accordingly, an appeal lies from the final order entered by the County Court. The provisions of CPL 160.50 (subd 1, pars [a], [b], [c]), which require the return of records and the sealing of records, are applicable after the final termination of a criminal action in favor of the accused. The dismissal, for insufficiency, without prejudice to the People, of two informations filed against the defendant did not result in the final termination of the criminal actions in favor of the defendant as such termination is defined in CPL 160.50 (subd 2). Accordingly, the sealing order dated January 29, 1980 was apparently in error, and the County Court properly made available to the People the sealed records (see *Ciraulo v Dillon,* 108 Misc 2d 751). Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.

■ In the Matter of WILLIAM JOHNSTONE, Appellant, v DAVID R. HARRIS, as Superintendent of the Green Haven Correctional Facility, et al., Respondents. — In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Delaney, J.), dated July 18, 1980, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. In informal proceedings conducted by the adjustment committee of a New York correctional facility, strict due process standards are not required (*Matter of Amato v Ward,* 41 NY2d 469), and a record of such proceedings before said committee, likewise, is not required (7 NYCRR Part 252). Further, the adjustment committee is not obligated to make findings as to whether an inmate has violated any particular rule or regulation (*Matter of Amato v Ward, supra*). In this particular instance, the action taken by the committee was withdrawal of the recreation privileges of the petitioner for 15 days. Such disposition was reviewable by the superintendent of the facility in which the petitioner was housed (7 NYCRR 270.1). Since petitioner failed to comply with the review process as mandated, Special Term properly dismissed the proceeding (*Matter of Scott v Smith,* 77 AD2d 681). Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.

■ In the Matter of DALTON R. MILLER et al., Respondents, v COUNTY OF NASSAU, Appellant. — Appeal from an order of the Supreme Court, Nassau County (Spatt, J.), dated February 25, 1981, dismissed. Said order was superseded by an order of the same court dated April 8, 1981, which was entered upon the granting of appellant's motion to renew. Order dated April 8, 1981 affirmed insofar as appealed from. No opinion. Respondents are awarded one bill of $50 costs and disbursements. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.