OPINION OF THE COURT
Charles B. Swartwood, J.
This a CPLR article 78 proceeding seeking to set aside a superintendent’s proceeding held at the Elmira Correctional Facility as having been conducted in violation of due process requirements and on the ground that the determination arrived at by the hearing officer was not supported by substantial evidence. The petition requests that this matter be transferred to the Appellate Division pursuant to CPLR 7804 (subd [g]).
The answer of the respondents seeks a dismissal of the petition on the ground that the petitioner, Dennis Ship-man, failed to exhaust his administrative remedies before bringing this proceeding. We must answer this threshold question raised by the respondents.
The facts relevant to the issue of exhaustion are that a superintendent’s proceeding was held on February 5 and 9, 1982 regarding charges brought against the petitioner. The hearing officer found the petitioner guilty of three charges, accepted a guilty plea as to a fourth charge and *750 found petitioner not guilty of a fifth charge. The hearing officer ordered petitioner confined to the special housing unit for 60 days. This disposition was subject to automatic review by the Commissioner of Correction pursuant to 7 NYCRR 270.2 (a) (2) and 253.6 (a) because it involved confinement in a special housing unit for more than 30 days. The hearing officer’s disposition was reviewed and affirmed by the respondent Coughlin’s office on March 5, 1982.
Meanwhile the petitioner had contacted Prisoners’ Legal Services on February 23,1982 and requested assistance in challenging the punishment he received at the superintendent’s proceeding. On February 24,1982, within 30 days of the superintendent’s proceeding, petitioner’s counsel notified Charles Hernandez, the person designated by the respondent Coughlin to review superintendent’s proceedings, that petitioner intended to appeal the disposition and wished to preserve his right to appeal until after receipt and review of the records and tape recording of the proceeding. There is no indication that Mr. Hernandez objected to this arrangement. The records and tape recording were not forwarded by the Department of Correction to the petitioner’s counsel until April 1 and 6,1982 and were not received until April 5 and 8, 1982, respectively.
On April 21, 1982, within 30 days of receiving the records and tape recording, petitioner through his counsel filed his appeal with the commissioner’s office. In response, on May 10, 1982 the petitioner’s counsel received from Charles Hernandez a copy of the March 9,1982 notice that the superintendent’s proceeding disposition had been reviewed and affirmed. There was no indication of any kind that the superintendent’s proceeding disposition was reviewed in light of the appeal filed by petitioner’s counsel.
The respondents’ second affirmative defense is that the petitioner has failed to comply with the requirements of 7 NYCRR 253.6 (b), and therefore the petitioner has failed to exhaust his administrative remedies. Petitioner argues that section 253.6 (b) does not provide for a review which is distinct from the automatic review provided for in the preceding subdivision, but only provides a means for in *751 mates whose punishment does not warrant automatic review to seek redress.
Both parties agree that the answer depends on two correctional services regulations. 7 NYCRR 253.6, a regulation promulgated by the Department of Correction pursuant to sections 112 and 137 of the Correction Law, sets forth the means for “Review of superintendent’s proceeding dispositions”. That section states:
“(a) A superintendent’s proceeding shall be subject to automatic review by the commissioner in accordance with section 270.2 of this Title.
“(b) Any inmate shall have the right to appeal the disposition of any superintendent’s proceeding, to which he was a party, to the commissioner or his designee within 30 days of receipt by the inmate of said disposition.”
7 NYCRR 270.2 states:
“(a) A superintendent’s proceeding shall be subject to automatic review by the commissioner in any case where the disposition includes one of the following:
“(1) loss of one or more specified privileges for a period of more than 60 days;
“(2) confinement to cell or room or in a special housing unit for more than 30 days;
“(3) confinement on a restricted diet for more than three days; or
“(4) restitution.
“(b) When any such disposition is made, a copy of the charge, the disposition and any and all other written material relevant to the proceeding shall immediately be forwarded to the commissioner. Records of interviews required to be recorded stenographically or by an electronic recording device shall not be forwarded to the commissioner unless;
“(1) such records are specifically requested; or
“(2) the superintendent is of the opinion that there is a special need for the commissioner to be apprised of the material in the records.
*752 “(c) In any case where review is automatic, the inmate shall be notified that such step is to be taken and shall be specifically advised in such notification that he may write to the commissioner in connection with the matter”.
Only two reported cases have dealt with this particular issue. In the first, a Third Department case, Matter of Shahid v Coughlin (83 AD2d 8,11, n 3, affd 56 NY2d 987), the court found that where an inmate’s disposition was subject to automatic review by the commissioner he had exhausted his administrative remedies even where the commissioner fails to review. In Matter of Bugliaro v Wilmot (108 Misc 2d 425), the court concluded that administrative remedies had been exhausted where there is automatic review by the commissioner. Respondents have directed the court to three unreported decisions from the Supreme Court which hold that there is no automatic exhaustion following an automatic review.
We think that Matter of Shahid v Coughlin (83 AD2d 8, affd 56 NY2d 987, supra) controls the question of exhaustion of administrative remedies in this case and that the petitioner had exhausted his remedies on March 5, 1982. However, as the respondents argue that the holding in Matter of Shahid v Coughlin (83 AD2d 8, affd 56 NY2d 987, supra) was a mistake we have independently considered the question of exhaustion.
The heart of the respondents’ argument is that by use of the words “review” and “appeal” in 7 NYCRR 253.6 that section provides for two types of review by the commissioner. However, the clear and unambiguous sense of that section is that it provides for but one type of review by the commissioner. The words “review” and “appeal” are commonly used and clear words with naturally interrelated meanings and are not defined in the regulation so as to denote two different scopes of inquiry. Instead the factor governing their use in the regulation is the character of the actor in each subdivision. In the first subdivision the “commissioner” is authorized to act and his action logically is a “review”. In the second subdivision the inmate is the actor and his activity is an “appeal”.
The respondents have attempted to supply technical distinctions between the scope of “appeal” and “review” by *753 reference to judicial notice and limitations which they find in the list of materials provided for the commissioner’s review pursuant to 7 NYCRR 270.2. Such analysis is unnecessary in light of the regulation’s clarity and lack of ambiguity. Moreover, it only serves to further support this court’s original analysis of the holding in Matter of Shahid v Coughlin (83 AD2d 8, affd 56 NY2d 987, supra). Section 270.2 (b) provides for the forwarding of all relevant written materials to the commissioner as well as records of the proceedings where they are requested or considered relevant by the superintendent. Section 270.2 (c) also requires that the inmate be informed of his right to communicate with the commissioner regarding the matter. Furthermore there has been no showing that additional material is provided to the commissioner when an inmate “appeal[s]” pursuant to 7 NYCRR 253.6 (b). For these reasons it appears that the procedural framework laid down by the regulation at most involves only one review by the commissioner.
Further support for the court’s construction of the regulation is found in the manner which the respondents dealt with the petitioner’s April 21, 1982 appeal papers. The respondent Coughlin is primarily responsible for administering the regulation and in this case only reviewed the matter once on March 5, 1982 even though the petitioner later formally appealed the punishment received at the superintendent’s hearing. Though the manner in which an administrator chooses to interpret regulations is not necessarily dispositive the respondent Coughlin’s actual response to the petitioner’s appeal is more logical than the interpretation which his counsel now urges the court to adopt.
For the foregoing reasons the court concludes that petitioner exhausted his administrative remedies prior to bringing this action and that the petition should not be dismissed on that ground.
Having disposed of the respondents’ defense based on a point of law and an issue as to whether the hearing officer’s determination is supported by substantial evidence having been raised by the petitioner, we transfer this proceeding *754 under CPLR 7804 (subd [g]) to the Appellate Division for disposition of all of the remaining issues.