■ In the Matter of DONALD SOLOMON, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered March 1, 1982 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78 to annul a determination of the Commissioner of the State Department of Correctional Services denying petitioner's grievance. Petitioner, an American Indian, is presently serving a 20-year-to-life sentence in the Green Haven Correctional Facility. On December 23, 1980, he filed a grievance attacking Departmental Directive No. 4035 which requires the cutting of all inmate's hair upon entry into the State penal system. It is petitioner's contention that respondent's determination upholding the directive and requiring that his hair be cut upon entry into the penal system is an impermissible abridgement of his right as an American Indian to practice his religion. We disagree and affirm Special Term's judgment dismissing the petition. While freedom to believe is absolute, freedom to

act is not. The latter is subject to reasonable regulation for the protection of society (*Matter of Brown v McGinnis,* 10 NY2d 531; *Matter of Shahid v Coughlin,* 83 AD2d 8, affd 56 NY2d 987). Here, the challenged directive makes a "mutual accommodation" between the institutional needs of the penal system to be able to identify all inmates by photographic means unhindered by unduly lengthy hair and the right of such prisoners to practice their religion, which has as a tenet of faith the wearing of long hair, by providing that after initial haircuts inmates are free to grow their hair to any length desired (see *Wolff v McDonnell,* 418 US 539, 556). Departmental Directive No. 4035 narrowly satisfies the institutional need for identification without suffering the infirmity of overbreadth which would interfere with the free and open practice of an inmate's religion. Accordingly, we conclude that the requirement of entry haircuts for the purpose of identification is entirely reasonable and nonviolative of the constitutional right to freely practice religion. Finally, we find petitioner's contention that he was denied due process and equal protection of the law because his grievance was not treated as a class action and was not resolved expeditiously to be without merit. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.