■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. Earl France, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Amyot, J.), entered March 25, 1983 in Clinton County, which denied petitioner's application for a writ of habeas corpus in a proceeding pursuant to CPLR article 70, without a hearing. While incarcerated at Clinton Correctional Facility, a fire was set in petitioner's cell by an unidentified inmate and petitioner refused to co-operate in identifying that inmate. The following day, February 17, 1983, the authorities received confidential information indicating petitioner would need protective custody and he was administratively segregated. On February 24, 1983, an administrative hearing was conducted at which it was concluded that petitioner could not safely be returned to the general prison population and he was confined to involuntary protective custody. Petitioner sought a writ of habeas corpus to challenge that determination, charging various due process violations in the procedure surrounding his segregation and asking that he be released from involuntary protection to the general population or, alternatively, that he be transferred to Wallkill, Woodburn or Ossining Correctional Facilities. Special Term's denial of the writ is affirmed. Initially, we note that habeas corpus is available only when the petitioner seeks immediate release from custody (*People ex rel. Douglas v Vincent,* 50 NY2d 901, 903), unless that detention complained of is "*in excess* of that permitted by the judgment or constitutional guarantees" (*People ex rel. Brown v Johnston,* 9 NY2d 482, 485). Not only was immediate release not sought here, but administrative segregation was "well within the terms of confinement ordinarily contemplated by a prison sentence" (*Hewitt v Helms,* 459 US 460, __, 103 S Ct 864, 870). Nor did petitioner make any satisfactory showing that the confinement violated his constitutional rights. Moreover, the petition failed to comply with the statutory requirements set forth in CPLR 7002 (subd [c]) (*People ex rel. Henriquez v Jones,* 78 AD2d 567, app dsmd 49 NY2d 915) and no compelling reasons for noncompliance appear in petitioner's papers (see *People ex rel. La Rocca v Conboy,* 40 AD2d 736). Even if we were to convert this to a CPLR article 78 proceeding, we could afford petitioner no relief for the entire record of the administrative proceeding held in this matter is not before us. Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr, Weiss and Levine, JJ., concur.