■ The People of the State of New York ex rel. Abdul Beyah, Appellant, v Thomas Coughlin, as Commissioner of the Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered July 27, 1983 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR articles 78 and 70, to annul administrative determinations finding him guilty of violating various correctional facility rules, and for a writ of habeas corpus. ¶ Petitioner is an inmate who, at the time of the incidents and proceedings relevant to this appeal, was confined at Great Meadow Correctional Facility. On June 13, 1983, a misbehavior report was filed against petitioner by a correction officer, charging petitioner with refusing to obey the correction officer's direct order and with threatening him. A superintendent's proceeding was held and, on June 23, 1983, petitioner received a sanction of 30 days' confinement in special housing, 30 days' loss of privileges, and 60 days' loss of recreation. A second superintendent's proceeding was apparently held July 8, 1983 which resulted in petitioner's confinement in special housing in involuntary protective custody. ¶ Petitioner then filed the instant application for relief pursuant to both articles 78 and 70 of the CPLR, arguing that the determinations of the superintendent's proceedings should be annulled and

that he should be released from the special housing unit on the ground that the superintendent's proceedings had violated his constitutional rights. Special Term dismissed these applications. We affirm. ¶ Special Term was correct in its dismissal of the petition on the ground that it was premature. As that court held, petitioner failed to exhaust his administrative remedies when he neglected to appeal the determinations of the superintendent's proceedings to the commissioner. This failure requires the dismissal of his petition (see *Matter of King v Gregorie,* 90 AD2d 922, 923, app dsmd 58 NY2d 822; *Matter of Shahid v Coughlin,* 83 AD2d 8, 11, affd 56 NY2d 987). In so holding, we reject petitioner's contention that certain "new regulations" applicable at the time of the proceedings appealed from brought about an automatic review by the commissioner of the proceedings in question, thereby obviating the requirement that he bring an appeal before the commissioner. The regulations in effect at the relevant times herein contain no such provision (former 7 NYCRR 270.2 [a]; 254.8). ¶ Addressing separately that part of petitioner's application which seeks a writ of habeas corpus, we note that even if petitioner had exhausted his administrative remedies, this relief would have been correctly denied on other grounds. A writ of habeas corpus is available only in cases where the petitioner seeks immediate release from custody (*People ex rel. Douglas v Vincent,* 50 NY2d 901, 903). It is not available in a situation such as the one presented here, where petitioner seeks release only from administrative segregation and has made no satisfactory showing that the segregation is in violation of his constitutional rights (see *People ex rel. France v Coughlin,* 99 AD2d 599). ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.