Kaye, J.
(concurring). I write separately to emphasize my own understanding that the declaratory relief is narrowly confined to the particular facts of this case, based on the record made below. This court, as well as both lower courts, have noted that the declaration is made “in the limited circumstances of this case.” Since this appeal involves a collision of important interests, shared by the State — that of inmates in the free exercise of their religious beliefs, that of correction officers in equal employment opportunity, and that of prison administrators, who must be accorded “wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security” {Bell v *517 Wolfish, 441 US 520, 547-548) — it seems desirable to underscore certain of those circumstances.
When petitioner and two or three other inmates were selected to be frisked by a female officer, a male officer was present. Petitioner asked the male officer to frisk him, on the ground that his religious beliefs forbade touching by a female, but the male officer declined. A pat frisk of the particular manner described, done by a female, would have involved physical contact violative of a major tenet of petitioner’s religious creed; that affirmed finding, which is supported by the record, is binding on this court. Conversely, respondent adduced no proof whatever that the interests of either effective prison management or equal employment opportunity would have been in the slightest impaired or threatened if the male officer who was right there had performed the pat frisk on this petitioner. Given the record, I must agree that in the circumstances the intrusion on this petitioner’s religious beliefs was not justified. Proof that requiring a male officer to pat frisk a male Muslim inmate affects equal employment opportunity or prison administration would present an entirely different situation (see Matter of Shahid v Coughlin, 83 AD2d 8, affd on opn below 56 NY2d 987).
Chief Judge Cooke and Judges Jasen, Wachtler, Meyer and Simons concur with Judge Jones; Judge Kaye concurs in result in a separate opinion.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.