■ In the Matter of TRACY HICKMAN, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.—Casey, J.

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a Superintendent's hearing on charges arising out of an alleged assault on a fellow inmate, petitioner was found guilty of violating certain institutional rules and a penalty was imposed. Administrative review resulted in a modification of the penalty, but the finding of petitioner's participation in the assault was sustained. Petitioner contends that the determination is not supported by substantial evidence and that his due process rights were violated. We reject these arguments.

In support of his substantial evidence argument, petitioner maintains that the hearing record "is so rife with inconsistencies that * * * any conclusion drawn therefrom must be labelled conjecture, speculation or rumor". We agree with respondent, however, that the testimony of the inmate victim and the confidential informant provides a rational basis for the fact finder's conclusions. Resolution of any questions of credibility created by inconsistencies in this testimony and other evidence in the record is for the hearing officer (Matter of Burgos v Coughlin, 108 AD2d 194, 197, lv denied 66 NY2d 603).

Petitioner's due process argument is twofold. First, he argues that he was entitled to the substance of the transcript of the hearing officer's interview of the confidential informant. This court previously denied petitioner's motion to compel disclosure of the transcript and directed respondent to file the transcript for our in camera inspection. Having conducted that inspection, we agree with respondent that disclosure of the substance of the confidential informant's testimony would likely disclose his identity as well, creating a risk of retaliation.

"In the interest of institutional safety, it is sometimes necessary for some evidence relied on by the hearing officer to remain confidential * * *. In such cases, so long as the confidential documents are submitted to the reviewing court for in camera inspection, the function of providing the court with a basis for review of the disciplinary decision is served" (Matter of Boyd v Coughlin, 105 AD2d 532, 533 [citations omitted]).

Petitioner also claims that he was denied the right to call a witness, but the record does not support this claim. Prior to

the hearing, petitioner requested that two witnesses be called and they appeared at the hearing. Petitioner contends that he requested a third witness during the hearing, but the transcript does not reveal that such a request was made.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.