■ In the Matter of DENNIS MCCLEAN, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered April 30, 1987 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

On October 20, 1986, petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violating facility rule 100.10 by stabbing another inmate. Following a Tier III hearing, petitioner was found guilty of the charge and punishment was imposed. Respondent Commissioner of Correctional Services affirmed the disposition following administrative review and petitioner commenced this CPLR article 78 proceeding to annul the determination. Supreme Court granted judgment in favor of respondents dismissing the petition and this appeal followed.

We affirm. It is petitioner's chief contention that his right to call witnesses at the hearing was impermissibly denied. Specifically, petitioner sought to have three inmates testify on his behalf, purportedly to establish that he did not commit the stabbing, but was advised by the Hearing Officer that they were unwilling to testify. Petitioner contends that the Hearing

Officer was required, at the very least, to inquire as to the cause for the witnesses' unwillingness to testify and state the reasons on the record *(see,* 7 NYCRR 254.5; *Matter of Barnes v LeFevre,* 69 NY2d 649, 650; *cf., Matter of Law v Racette,* 120 AD2d 846, 848). We disagree. Petitioner did not request that the inmates be questioned or that the reason for their unwillingness be ascertained; to the contrary, petitioner indicated that he was already aware of the witnesses' reluctance to testify and the reason therefor. Further, he freely acquiesced in their refusal and indicated his willingness to proceed with the testimony of two other inmate witnesses.

Petitioner waived the objection by failing to insist that the inmate witnesses be produced or to request that inquiry be made as to why they were not willing to testify at a time when the alleged error could have been corrected *(see, Matter of Hop-Wah v Coughlin,* 118 AD2d 275, 278, *revd on other grounds* 69 NY2d 791) and, further, by failing to raise the issue on administrative appeal *(see, Matter of Shahid v Coughlin,* 83 AD2d 8, 10-11, *affd* 56 NY2d 987; *Matter of Malik v Coughlin,* 133 Misc 2d 245, 246-247). The case of *Matter of Moore v Coughlin* (112 AD2d 608), relied upon by petitioner, is inapposite as there the Hearing Officer refused to produce the requested witness *(supra,* at 609). Here, the witnesses refused to testify despite the fact that the Hearing Officer was otherwise willing to produce them. Further, since the avowed purpose for taking the testimony of all of the inmate witnesses was to establish that petitioner did not commit the stabbing and indeed was not present when it occurred, the testimony of the subject inmates would have been redundant *(see,* 7 NYCRR 254.5 [a]).

Next, we reject petitioner's claim that the identity of the confidential informant should have been divulged and the witness required to testify in petitioner's presence. We have frequently upheld the use of statements of confidential informants in inmate misbehavior proceedings, so long as petitioner is advised that the statement of an informant is being taken and considered and it is shown that the safety of the informant would be threatened by disclosure of his identity *(see, Matter of Gibson v LeFevre,* 133 AD2d 978, 979-980; *Matter of Harris v Coughlin,* 116 AD2d 896; *Matter of Burgos v Coughlin,* 108 AD2d 194, *lv denied* 66 NY2d 603). Here, the Hearing Officer personally interviewed the informant, and the testimony submitted for our in camera inspection amply establishes petitioner's guilt and the need to protect the identity

of the informant *(see, Matter of Hickman v Coughlin,* 115 AD2d 105, 106).

Petitioner's remaining contentions are either not preserved for our review or are found to be meritless.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.