■ In the Matter of SOLOMON FINN, Petitioner, v ARTHUR LEONARDO, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional

Services which found petitioner guilty of violating certain prison disciplinary rules.

On May 9, 1988, while an inmate in the special housing unit at Sing Sing Correctional Facility in Westchester County, petitioner was involved in an altercation with several correction officers. Petitioner refused to obey direct orders to vacate his cell given by at least three correction officers and then proceeded to prevent outside entrance to his cell by tying a sheet and blanket to the bars. When efforts were made to physically remove him from his cell, petitioner threw urine and other unidentified liquids at the officers, poked them with a metal object and struck at least one officer with a baton. Several other inmates joined the fracas, became abusive and littered the gallery with human waste and other debris. As a result of the incident, three separate misbehavior reports were filed charging petitioner with multiple rule violations. A Tier III Superintendent's hearing was conducted at Great Meadow Correctional Facility in Washington County, after which the Hearing Officer found petitioner guilty of 14 of the charges and imposed certain penalties. Following unsuccessful administrative appeal to respondent Commissioner of Correctional Services, petitioner commenced a CPLR article 78 proceeding to annul the Commissioner's determination, transferred to this court pursuant to CPLR 7804 (g).

Initially, we reject the claim that the Commissioner's determination of guilt is not supported by substantial evidence. In his analysis, petitioner has segmented the proof in such a way that only the allegations of each individual misbehavior report are considered in support of the violations alleged therein. In reality, the entire record, including all of the misbehavior reports, the testimony of the many witnesses and petitioner's own admissions may be considered on each of the charges (see, CPLR 7803 [4]). Thus viewed, there is clearly sufficient evidence to support each of the findings of guilt. We note in this regard that the Hearing Officer was entitled to reject petitioner's claim that he was justified in refusing to leave his cell because of fear that he would be beaten (see, Matter of Rivera v Smith, 63 NY2d 501, 515; Matter of Bernacet v Coughlin, 145 AD2d 802, 803, lv denied 74 NY2d 603). Further, evidence that petitioner threw urine and other unknown liquids at correction officers, coupled with medical reports that the officers were treated for irritated, burning eyes, provides adequate support for the assault charges, and the same act, accompanied by the statement that petitioner suffered from AIDS and hoped all the officers got it, supports the finding

that petitioner made a threat. We also note that the jabbing of an officer with a baton supports the finding of attempted assault even in the absence of actual injury.

We also reject the contention that respondents impermissibly denied petitioner access to the unusual incident report and injury report filed in connection with the incident. The reports, on file at Sing Sing Correctional Facility, had not been received at Great Meadow Correctional Facility at the time of the hearing. The Hearing Officer had the reports read over the telephone, with copies to be forwarded subsequently, a procedure which petitioner did not object to and actually accepted. Petitioner's failure to object to the procedure at a time when the alleged error could have been corrected precludes him from raising the issue before this court *(see, Matter of McClean v LeFevre,* 142 AD2d 911, 912). We have considered petitioner's remaining contentions, including his claim that the Hearing Officer was biased and that he failed to evaluate petitioner's claims of mitigation and justification, and find that they lack even colorable merit. A Hearing Officer is the sole arbiter of credibility *(see, Matter of Hickman v Coughlin,* 115 AD2d 105, 106), is entitled to choose between conflicting evidence *(see, Matter of Bernacet v Coughlin,* 145 AD2d 802, 803, *supra)* and is not required to describe the weight, if any, accorded to mitigating factors *(see,* 7 NYCRR 254.7 [c]; *Matter of Hobson v Coughlin,* 137 AD2d 940, 941).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.