■ In the Matter of MELVIN SATCHELL, Appellant, v THOMAS A. COUGHLIN III, as Commissioner of the New York State Department of Correctional Services, Respondent.— Weiss, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 6, 1991 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Following a tier III hearing, petitioner, an inmate at Clinton Correctional Facility in Clinton County, was found guilty of violating an institutional rule prohibiting the use of controlled substances (rule 113.12). An EMIT drug test twice proved positive for the presence of cocaine in petitioner's urine sample taken upon his return from a family reunion

visit. After the determination had been affirmed on an administrative appeal, Supreme Court rejected petitioner's contentions in this CPLR article 78 proceeding seeking annulment and dismissed the petition.

On this appeal, petitioner first contends that his due process rights under the US Constitution were violated when the Hearing Officer interviewed a representative of Syva Company, the manufacturer of the test, in an unrecorded telephone call made out of his presence. He asserted as a defense that he had been taking two prescription medications, Feldene and Colace, which caused a false positive result on the test. After a correction officer testified in a recorded telephone interview that he had called the manufacturer to verify that the medications would not produce a false test result, petitioner requested that the Hearing Officer call the manufacturer. Petitioner declined an invitation by the Hearing Officer to be present during the call, responding, "No, I trust you." Inasmuch as petitioner failed to object to the procedure during the hearing at a time when any error could have been corrected or as part of his administrative appeal, the argument has not been preserved for our consideration (see, Matter of Torres v Coughlin, 161 AD2d 1080, 1081) and petitioner is precluded from raising that issue before this court (see, Matter of Finn v Leonardo, 160 AD2d 1074, 1076; see also, Matter of McClean v LeFevre, 142 AD2d 911, 912). Respondent emphasizes that the medications petitioner was taking did not produce a positive result when petitioner was tested just prior to his family reunion visit.

We find equally unavailing petitioner's contention that the chain of custody of the urine sample was defective because the form used to request the urinalysis test (form 1082) was incomplete in that information showing where the specimen was originally refrigerated and how it was transmitted from the main prison facility to the annex where it was tested was lacking. It is sufficient if the notations which identify the chain of custody merely show the various steps taken in the chain of custody (see, Matter of Lewis v Coughlin, 172 AD2d 889; see also, Matter of Berrios v Kuhlmann, 143 AD2d 475, 477).

Casey, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.