■ In the Matter of WILFREDO GONZALES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commis-

sioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On May 26, 1990 petitioner, an inmate at a State correctional facility, was charged with violating State-wide rules 104.10, 116.10, 104.11, 113.10 and 1.00 *(see,* 7 NYCRR 270.2) as the result of an incident where petitioner is alleged to have initiated the inmate takeover of a prison yard and destroyed a platform with a weight plate. At the tier III hearing which followed, petitioner requested that the Hearing Officer view a videotape of the activities in the yard at the times in question, which petitioner indicated would exculpate him. The Hearing Officer obtained and viewed the tape as requested and indicated on the record that the tape did not show the events which took place in the yard at the times of the charged violations. Petitioner made no further requests with regard to the videotape. Following the hearing, petitioner was found guilty of all of the charges except those alleging violations of State-wide rules 1.00 and 113.10. Petitioner then sought administrative review, alleging that the findings of guilt were not supported by substantial evidence in the record, that the hearing was not timely commenced or completed, and that respondents violated Correction Law § 138 and petitioner's due process rights by initiating the proceeding. Subsequently, petitioner sought to annul respondents' determination in this CPLR article 78 proceeding, alleging that (1) the Hearing Officer denied petitioner due process by relying upon the videotape, evidence not "in the record", and in refusing to permit petitioner to view the tape, and (2) the conduct alleged in the misbehavior report did not make out a violation of State-wide rule 104.11 (engaging in any violent conduct or conduct involving the threat of violence *[see,* 7 NYCRR 270.2 (B) (5) (ii)]). Supreme Court determined that the petition raised a substantial evidence question *(see,* CPLR 7803 [4]) and transferred the proceeding to this court pursuant to CPLR 7804 (g).

The petition should be dismissed. First, neither of the issues raised in the petition was pursued in connection with petitioner's administrative appeal. Accordingly, petitioner has failed to exhaust available administrative remedies *(see, Matter of McClean v LeFevre,* 142 AD2d 911, 912). Second, the record establishes that petitioner never requested to see the videotape viewed by the Hearing Officer or that the tape be made a part of the record of the hearing. "Petitioner's failure to object to the procedure at a time when the alleged error could have been corrected precludes him from raising the issue before

this court" *(Matter of Finn v Leonardo,* 160 AD2d 1074, 1076; *see, Matter of McClean v LeFevre, supra).* Third, the contention that the conduct alleged in the misbehavior report did not make out a violation of State-wide rule 104.11 has not been pursued in this court and is, thus, abandoned. Finally, we reject petitioner's overly technical reading of the misbehavior report. A fair reading of the report provides substantial evidence for respondents' findings of guilt *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966).

Weiss, P. J., Levine and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.