◼ In the Matter of CRISTOBAL VASQUEZ, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Appeal from a judgment of the Supreme Court (Lewis, J.), entered May 29, 1991 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner contends that his regulatory and constitutional rights were violated in that his Superintendent's hearing was

commenced less then 24 hours after he met with his inmate assistant, he was denied a witness and he was not provided a written denial form as to that witness. Petitioner, having failed to raise these issues in his administrative appeal, has failed to exhaust available administrative remedies *(see, Matter of Ruiz v Coughlin,* 184 AD2d 818; *Matter of Gonzales v Coughlin,* 180 AD2d 974). In addition, petitioner failed to object to these alleged violations at the time of the hearing when they could have been corrected, and is consequently prohibited from raising these issues in this Court *(see, Matter of Gonzales v Coughlin, supra; see also, Matter of Satchell v Coughlin,* 178 AD2d 795). Finally, in this context, petitioner's constitutional claims do not justify a departure from the general rule requiring exhaustion of administrative remedies *(see, Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602; *Matter of Beyah v Scully,* 143 AD2d 903; *cf., Matter of Dozier v New York City,* 130 AD2d 128, 134-135).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.