■ In the Matter of DERRICK GARY, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules (see, 7 NYCRR 270.2).

Petitioner was found guilty of violating State-wide rule 104.10 (rioting) and 109.11 (leaving an assigned area without authorization) after a Superintendent's hearing as a result of his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. Petitioner contends in this proceeding that the determination was not supported by substantial evidence and that procedural errors require annulment.

The misbehavior report states that petitioner "was personally identified * * * as one of the participants in the Riot and eventual takeover of the yard area", that petitioner had earlier been secured in an exercise unit but was seen throughout the yard during the incident and that, although all inmates were given a chance to leave the yard, petitioner "chose to continue to participate". The correction officer who authored the report as well as another correction officer who personally observed petitioner during the incident testified

and confirmed the allegations in the misbehavior report. This evidence, combined with petitioner's admission that he was out of his assigned area during the incident and the videotape evidence reviewed by the Hearing Officer, indicating that all inmates acted in concert in leaving their assigned areas prior to the use of tear gas and that there were no unwilling participants in the uprising, provides substantial evidence to support both findings of guilt *(see, Matter of Williams v Coughlin,* 190 AD2d 883; *Matter of Hillard v Coughlin,* 187 AD2d 136).

We also find that the misbehavior report gave sufficient notice to petitioner of the nature of the charges against him under these circumstances *(see, Matter of Williams v Coughlin, supra,* at 886; *Matter of Vogelsang v Coombe,* 105 AD2d 913, 914, *affd* 66 NY2d 835). In addition, petitioner was not denied due process by the failure of respondent to record the session at which several Hearing Officers viewed the videotape and photographs of the uprising *(see, Matter of Williams v Coughlin, supra,* at 886). Further, by failing to request an opportunity to view videotapes of the incident at the hearing, petitioner has waived any right to do so *(see, Matter of Williams v Coughlin, supra,* at 886; *Matter of McLean v LeFevre,* 142 AD2d 911, 912). Finally, we find that nothing in the record indicates bias on the part of the Hearing Officer requiring annulment *(see, Matter of Williams v Coughlin, supra,* at 886).

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.