■ In the Matter of DAVID JACKSON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule (7 NYCRR 270.2).

Petitioner was found guilty after a Superintendent's hearing of violating State-wide rule 104.10 (rioting) based upon his actions during an inmate uprising on May 28-29, 1991 at

Southport Correctional Facility in Chemung County. Petitioner instituted this proceeding to review the determination, contending that the determination is not supported by substantial evidence and that various errors require annulment.

The misbehavior report stated that during the uprising petitioner's "exercise unit was empty and he was observed actively [sic] participating in the take-over of A-block yard". The correction officer who authored the report confirmed the information in the report and testified that petitioner had his head covered during the riot. Petitioner admitted that he had been out of his exercise area during the uprising. In addition, a videotape reviewed by the Hearing Officer revealed that all inmates participated in the uprising. These facts provide substantial evidence for the determination (see, Matter of Williams v Coughlin, 190 AD2d 883; Matter of Hillard v Coughlin, 187 AD2d 136). Further, the misbehavior report provided sufficient notice of the nature of the charge against him (see, Matter of Williams v Coughlin, supra, at 886). Petitioner's failure to request an opportunity to review the videotape and other photographic and documentary evidence at the hearing served to waive any right to such review (see, Matter of Williams v Coughlin, supra, at 886; Matter of Gonzales v Coughlin, 180 AD2d 974; Matter of McLean v LeFevre, 142 AD2d 911, 912), and petitioner was not denied due process by respondent's failure to record a session at which several Hearing Officers viewed the videotape and photographs of the uprising (see, Matter of Williams v Coughlin, supra, at 886). Finally, nothing in the record indicates bias on the part of the Hearing Officer and the penalty is not shocking to one's sense of fairness (see, supra, at 886).

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.