■ · In the Matter of DANIEL E. BOYER, Appellant, v CHAIRMAN, NEW YORK STATE PAROLE BOARD, Respondent. [605 NYS2d 970] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered August 25, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Supreme Court was correct in granting respondent's motion to dismiss the petition seeking relief pursuant to CPLR article 78 in the nature of prohibition wherein petitioner sought to challenge the results of a final parole revocation hearing on the ground that evidence outside the record was considered by the Administrative Law Judge. Supreme Court held that the failure to pursue an administrative appeal barred the relief. We agree.

Petitioner must first exhaust the administrative remedies available to him pursuant to 9 NYCRR part 8006 *(see, People ex rel. Gray v New York State Bd. of Parole,* 174 AD2d 874, 875, *lv denied* 78 NY2d 860). The doctrine of exhaustion of administrative remedies clearly bars any relief under CPLR article 78 *(see, Matter of Trimaldi v Superintendent,* 169 AD2d 960; *People ex rel. Beyah v Coughlin,* 101 AD2d 901, 902). There is nothing in this record to suggest that the claimed errors could not have been remedied in the administrative appeal process *(see, Matter of Trimaldi v Superintendent, supra,* at 961). Finally, petitioner's constitutional claims do not justify a departure from the general exhaustion of administrative remedies rule *(see, Matter of Vasquez v Senkowski,* 186 AD2d 847, 848; *Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602).

Yesawich Jr., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.