■ In the Matter of JONATHAN AYALA, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 692]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

During a search of a locker in petitioner's cell, a correction officer found, among other things, items containing phrases and symbols associated with an illegal gang. Consequently, petitioner was charged in a misbehavior report with possessing gang-related material. At the conclusion of a tier III disciplinary hearing, he was found guilty of the charge and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding followed.

We confirm. The misbehavior report and documentary evidence, together with the testimony of the correction sergeant who endorsed the report* and petitioner's admission to possessing the items, provide substantial evidence supporting the determination of guilt (*see Matter of Harvey v Bradt*, 81 AD3d 1003, 1003 [2011]; *Matter of Reid v Fischer*, 78 AD3d 1400,

---

* In his administrative appeal, petitioner acknowledged that he called this witness because he is "the [g]ang intelligence [sergeant]."

1400 [2010]). While petitioner maintains that the references and symbols were not gang-related, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Ortiz v Fischer, 91 AD3d 1006, 1006 [2012]).

Finally, inasmuch as the procedural objections raised in petitioner's brief, including his due process arguments, were not raised at the hearing or on his administrative appeal, they are unpreserved for our review (see Matter of Huggins v Goord, 19 AD3d 989, 989 [2005]; Matter of Vasquez v Senkowski, 186 AD2d 847, 847 [1992]).

Peters, P.J., Mercure, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

