■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RODNEY TAYLOR, Appellant, v BRUCE VAN DYK, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 9, 1990 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

A parole violation warrant was issued on June 15, 1989 charging petitioner with nine violations of the conditions of his release on parole, four of which arose out of petitioner's May 30, 1989 arrest for operating a vehicle while under the influence of a controlled substance. A preliminary parole violation hearing conducted on June 28, 1989 resulted in a finding of probable cause to revoke parole. The final revocation hearing commenced on September 18, 1989. Parole Officer Irene Valentine was present at that time and prepared to

proceed on behalf of the Division of Parole, but petitioner advised the Administrative Law Judge (hereinafter ALJ) that a suppression motion was pending in connection with the criminal proceeding. As a result, the ALJ gave Valentine a choice of proceeding with the hearing on the five charges which did not arise out of petitioner's arrest or adjourning the entire matter pending the outcome of the suppression motion. Valentine chose the latter course and the matter was adjourned to November 14, 1989. Petitioner then made application for a writ of habeas corpus, contending that he was not afforded a final revocation hearing within the 90-day period specified in Executive Law § 259-i (3) (f) (i). Supreme Court denied the application, concluding that the adjournment was properly charged to petitioner as it was necessary to accommodate petitioner's request for a decision on the suppression motion. Petitioner appeals.

We affirm. It was petitioner's assertion of his right to a determination of the suppression motion prior to the final parole revocation hearing (see, People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76, 79, n 2) which necessitated the adjournment. Thus, petitioner, having by his own actions precluded the prompt conduct of the proceedings (see, Executive Law § 259-i [3] [f] [i]), has waived his right to strict adherence to the statutory time limits. We reject the contention that the Division of Parole was bound to proceed on the charges unrelated to the pending criminal action within the 90-day period, although this was an available alternative (see, People ex rel. Piccarillo v New York State Bd. of Parole, supra, at 79, n 2; see also, People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196, 203). Whether the hearing was bifurcated or not, ultimate resolution of the violation charges and a decision as to the disposition to be made in the event of a finding of violation would, of necessity, be delayed until resolution of all of the charges against petitioner (see, Executive Law § 259-i [3] [f] [xi]).

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.