■ In the Matter of ROBERT TRIMALDI, Petitioner, v SUPERINTENDENT OF WASHINGTON CORRECTIONAL FACILITY et al., Respondents.—Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Division of Parole which revoked petitioner's parole.

Petitioner commenced this proceeding as a habeas corpus proceeding to challenge the revocation of his parole. The main point in petitioner's challenge is directed at the sufficiency of the evidence concerning the chain of custody of certain urine samples which tested positive for cocaine. Supreme Court converted the matter to a CPLR article 78 proceeding (see, CPLR 103 [c]) and transferred it to this court on the basis of petitioner's evidentiary challenge (see, CPLR 7804 [g]).

The parties' initial focus in their arguments to this court concerns the question of whether habeas corpus or CPLR article 78 provides the appropriate remedy in these circumstances. Case law can be found to support both sides of the question (e.g., People ex rel. Saafir v Mantello, 163 AD2d 824; People ex rel. Brown v New York State Dept. of Correctional Servs., 67 AD2d 1108, lv denied 47 NY2d 707). We conclude, however, that irrespective of which remedy is appropriate, the petition must be dismissed.

Petitioner concedes that he commenced this proceeding instead of pursuing the available administrative appeal process (see, 9 NYCRR part 8006). The doctrine of exhaustion of administrative remedies would clearly bar any relief under CPLR article 78 (People ex rel. Beyah v Coughlin, 101 AD2d 901), and we see no reason for reaching a different result even if we accept petitioner's claim that habeas corpus is an appropriate remedy (see, supra). Habeas corpus is a summary remedy; it is not an appropriate vehicle to bypass administrative remedies when there are disputed factual issues present (People ex rel. Walker v New York State Bd. of Parole, 98 AD2d 33, 36). As we said in People ex rel. Alan PP. v Duston (114 AD2d 678, 679), "a habeas corpus proceeding is unwarranted where full relief may be obtained in other more appropriate proceed-

ings, and departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated by reasons of practicality and necessity". The issue concerning the sufficiency of the evidence, as well as the other issues raised by petitioner in this proceeding, could have been raised in an administrative appeal *(see, 9 NYCRR 8006.3)* and there is nothing in this record to suggest that the claimed errors could not have been remedied in the administrative appeal process *(compare, People ex rel. Alexander v LeFevre, 116 AD2d 869, with People ex rel. Brown v O'Keefe, 111 AD2d 488, lv denied 65 NY2d 608)*. Since petitioner failed to pursue an available administrative appeal to redress the claimed errors in the parole revocation process, the petition must be dismissed.

Petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.