■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES GRAY, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 30, 1991 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was released from Wallkill Correctional Facility in Ulster County on parole supervision on December 22, 1989. On February 24, 1990, petitioner was arrested by the City of Kingston Police Department and charged with first degree rape, two counts of first degree sodomy and endangering the welfare of a child, all the result of the sexual assault of his 14-year-old stepdaughter. These charges were ultimately dismissed. On February 28, 1990, the Division of Parole issued a parole violation warrant and charged petitioner with having sexual contact with his stepdaughter as well as forcible sexual intercourse with her, and subjecting her to oral sexual contact. A preliminary parole revocation hearing was held on March 15, 1990 and probable cause was found to believe that petitioner had violated the conditions of his parole. After a final parole revocation hearing, an Administrative Law Judge (hereinafter ALJ) recommended that petitioner's parole be revoked and that petitioner be returned to prison "until maximum expiration of sentence". A Parole Board member sustained the ALJ's findings and revoked petitioner's parole. Petitioner then apparently filed an administrative notice of appeal (see, 9 NYCRR part 8006) and duly perfected his administrative appeal on December 31, 1990. Approximately four months prior to the perfection of his administrative

appeal, petitioner sought judicial review of his parole revocation by way of this habeas corpus proceeding. Supreme Court denied the application and this appeal followed.

We affirm. Petitioner must first pursue the administrative remedies available to him pursuant to 9 NYCRR part 8006. The petition must be dismissed because it is undisputed that petitioner "failed to pursue an available administrative appeal to redress the claimed errors in the parole revocation process" *(Matter of Trimaldi v Superintendent of Washington Correctional Facility,* 169 AD2d 960, 961). We find unavailing petitioner's argument that *People ex rel. Robertson v New York State Div. of Parole* (67 NY2d 197) requires a different result. In that case, the Court of Appeals specifically left open the question of whether the writ is appropriate in cases where, as here, the alleged errors may be properly addressed through the administrative appeal process and resort thereto will not prove fruitless *(supra,* at 202, n 4; *see, People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33).

Casey, Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.