■ In the Matter of KENNETH ALEXANDER, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered September 17, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for, *inter alia,* failure to exhaust administrative remedies.

On May 9, 1984, petitioner pleaded guilty to attempted arson in the second degree in full satisfaction of an 11-count indictment, which included eight counts of arson perpetrated within one week at various bars and lounges and fires allegedly set at a residence and furniture business at other times. The prison sentence imposed was 4⅔ to 14 years. Although petitioner had been issued a "certificate of earned eligibility" (Correction Law § 805), respondent denied his application for release following a hearing on February 17, 1988. Petitioner successfully appealed the denial to respondent's Appeals Unit *(see,* 9 NYCRR part 8006) which, in a March 1989 decision, reduced his guideline time range for release on parole (minimum period of incarceration) from 20 to 38 months to 16 to 30 months and directed that a new initial hearing be held. Following the new hearing on April 18, 1989, parole was again denied and petitioner once more filed an administrative appeal. Although a decision on his administrative appeal had

not been received, petitioner again appeared before respondent on February 21, 1990 and was once more denied parole.

Petitioner then commenced this CPLR article 78 proceeding challenging both the April 18, 1989 and February 21, 1990 decisions of respondent and for an order directing that respondent either grant him immediate release or an immediate de novo hearing. Supreme Court granted respondent's motion to dismiss the petition, holding that review of the April 18, 1989 decision had been rendered moot by the subsequent hearing afforded petitioner and, inasmuch as the denial of release on parole was the result of the subsequent February 21, 1990 decision, it was the latter decision that was required to be reviewed. The court further held that proper review of petitioner's claims required a full record of the proceedings before respondent's Appeals Unit and the results of the administrative appeal. The judgment thus dismissed the petition for failure to exhaust the administrative appeal process. This appeal followed.

Initially, we agree that so much of the proceeding as seeks review of the April 18, 1989 order denying petitioner's application for parole has been rendered moot. Petitioner argues that the exception to the mootness doctrine expressed in *Matter of Hearst Corp. v Clyne* (50 NY2d 707, 714-715) should be triggered here because there exists (1) a likelihood of repetition, (2) a phenomenon typically evading review, and (3) a significant or important question not previously passed on, i.e., a substantial and novel issue. We cannot agree. Petitioner was granted the relief he sought when respondent's Appeals Unit upheld his first challenge and granted him a new hearing. The decision by respondent made February 21, 1990 had the effect of rendering further appeal from the April 18, 1989 decision moot *(see, Matter of Samuels v New York State Bd. of Parole,* 165 AD2d 935; *cf., Matter of Gross v Henderson,* 79 AD2d 1086, *lv denied* 53 NY2d 605).

The instant proceeding was commenced on April 6, 1990, some 44 days following the February 21, 1990 decision denying parole. At that time, the petition was properly dismissed as premature because of petitioner's failure to exhaust his administrative remedies* *(see, Matter of Trimaldi v Superin-*

---

* 9 NYCRR 8006.4 (c) provides that if respondent's Appeals Unit fails to issue its findings and recommendation within four months of an inmate's perfection of his administrative appeal, the inmate may deem his administrative remedy exhausted and thereupon seek judicial review. In a separate proceeding, and upon a finding that petitioner had exhausted his adminis-

*tendent,* 169 AD2d 960; *see also, People ex rel. Gray v New York State Bd. of Parole,* 174 AD2d 874, 875).

Casey, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.

trative remedies in that his administrative appeal had not been determined, Supreme Court in a decision handed up to this court on June 10, 1991 (Sup Ct, Albany County, June 4, 1991, Hughes, J.), three days after this appeal had been argued, reached the merits of petitioner's challenge to the February 21, 1990 decision and dismissed the petition.