■ In the Matter of ANNA SELLETTI, Appellant, v WENDY ACRISH, as Executive Director of Harlem Valley Psychiatric Center, Respondent.—Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Beisner, J.), entered August 16, 1990 in Dutchess County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to convert petitioner's status to that of a voluntary patient.

By notice of petition dated April 27, 1990, petitioner, an involuntary patient at Harlem Valley Psychiatric Center (hereinafter HVPC) in Dutchess County since August 1981, commenced this CPLR article 78 proceeding. She seeks an order directing respondent to convert her to voluntary status pursuant to Mental Hygiene Law § 9.17; accompanying the

petition is a supporting affidavit by petitioner. Respondent answered, moved pursuant to CPLR 3211 (a) (7) and CPLR 3212 for an order to dismiss, and submitted a supporting affirmation by HVPC's Director of Forensic Services, a duly licensed psychiatrist. Characterizing petitioner's affidavit as conclusory in nature, Supreme Court dismissed the petition.

On appeal, petitioner maintains that Supreme Court erred in not holding a hearing pursuant to CPLR 7804 (h) to determine whether she was "suitable" for conversion from involuntary to voluntary patient status (see, Mental Hygiene Law § 9.17 [a]). However, inasmuch as an evidentiary hearing at which petitioner was represented by counsel has since been held to consider respondent's application for an order authorizing retention of petitioner as an involuntary patient at HVPC (see, Mental Hygiene Law § 9.33 [d]) and petitioner was found in need of continued involuntary care and treatment in a hospital (see, Mental Hygiene Law § 9.01), petitioner's appeal has been rendered moot (see, Matter of Alexander v New York State Bd. of Parole, 175 AD2d 526, lv denied 78 NY2d 863; Matter of Leemhuis v Scranton, 158 AD2d 784).

Nonetheless, as petitioner has raised a significant and recurring question regarding what an involuntary patient at a psychiatric hospital must demonstrate to obtain a judicial hearing with respect to an application for conversion to voluntary status, we think it should be addressed. It is not enough that petitioner proffers an affidavit which essentially recites the statutory requirements of Mental Hygiene Law § 9.17. Conclusory allegations of that nature cannot withstand a psychiatrist's affirmation, like the one at hand, which details petitioner's inability to retain the requisite understanding of the difference between voluntary and involuntary status and the consequences of that difference. By failing to specifically controvert those facts, petitioner is deemed to have admitted them and, thus, to have conceded that no question of fact requiring a hearing exists (see, Kuehne & Nagel v Baiden, 36 NY2d 539, 544).

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.