■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH WOODS, Appellant, v W. WARREN McGREEVY, as Rensselaer County Sheriff, et al., Respondents. [594 NYS2d 906] —Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), entered February 26, 1992, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.

In June 1986, petitioner was convicted of the crime of

criminal sale of a controlled substance in the third degree and sentenced to an indeterminate term of incarceration of 4½ to 9 years. In May 1990, petitioner was released on parole and placed under the supervision of the State Division of Parole (hereinafter the Division). Approximately 14 months later, in July 1991, petitioner was declared delinquent and was charged with violating four conditions of his parole by, *inter alia,* associating with Clarence Richards. It was alleged that Richards was known by petitioner to have a criminal record and that petitioner helped Richards move into the apartment of a friend even though he knew Richards was wanted by the authorities. Petitioner was served with a notice of violation on July 29, 1991, at which time he waived a preliminary hearing.

The final revocation hearing was initially scheduled for September 4, 1991 but was rescheduled to October 9, 1991 at the request of the parole revocation specialist. On October 9, 1991 the hearing was rescheduled until November 6, 1991 at the request of petitioner's attorney. Prior to this rescheduled hearing date petitioner served an "order to produce" on the Division, directing it to deliver Richards from the Fulton County Jail to the Rensselaer County Jail so that he could be present to testify at petitioner's hearing. The Division stated that it was unable to comply with this order for several reasons, including its assertion that the request was jurisdictionally defective. Nevertheless, the Division offered to admit Richards' deposition in evidence at the hearing if he could not be made available to testify. Thereafter, on November 6, 1991 the hearing was convened but was again adjourned, apparently due to petitioner's insistence that Richards be present to testify. On December 4, 1991 the hearing was finally held. Although Richards was again not present, petitioner this time declined the offer of the Administrative Law Judge (hereinafter ALJ) to adjourn in order to obtain Richards' presence.

Following the hearing, the ALJ sustained the first three charges of parole violations including the charges relating to Richards. The ALJ recommended that petitioner's parole be revoked, that he be returned to a correctional facility and that it be 18 months before he would again be eligible for parole. The Parole Board modified this decision only to the extent of increasing the next scheduled date for reconsideration of petitioner's parole to 24 months following the date the violation of parole warrant was filed. Petitioner subsequently brought this habeas corpus proceeding contending that the hearing was untimely held and that his constitutional and statutory rights had been violated by the conduct of the

hearing. County Court dismissed the petition, holding that the hearing was timely and that petitioner would have to exhaust his administrative remedies before the court could rule on whether the hearing had been properly conducted. This appeal by petitioner ensued.

We affirm. Initially, we agree with County Court that petitioner's parole revocation hearing was timely held. While petitioner's final parole revocation hearing was not held within 90 days of July 29, 1991, the date upon which petitioner was served with the notice of violation (see, Executive Law § 259-i [3] [f]; 9 NYCRR 8005.17 [a]), we note that there are three exceptions to this rule. These exceptions are when the alleged violator (1) requests and receives a postponement of the hearing, (2) consents to a postponement initiated by the Parole Board, or (3) "by his actions otherwise precludes the prompt conduct of such proceedings" (Executive Law § 259-i [3] [f] [i]).

Here, the evidence indicates that the Division was timely prepared to proceed with the hearing on October 9, 1991, well within the 90-day period. Petitioner's attorney, however, asked for a postponement until November 6, 1991. This time should therefore be charged to petitioner. The hearing was ultimately adjourned again from this latter date to December 4, 1991 due to petitioner's refusal to proceed without the presence of Richards, despite the Division's agreement to allow Richards' deposition to be admitted in evidence. While petitioner disputes the decision to charge that final adjournment time to him (see, 9 NYCRR 8005.17 [c] [3]) and argues that it should have been charged to the Division due to its failure to produce Richards, we cannot agree. Although the Division gave several grounds for not complying with petitioner's ex parte "order to produce" Richards, it is enough to note our agreement with County Court that this document was void on its face for its failure to afford the Division the statutorily mandated notice (see, CPLR 2302 [b]; see also, Matter of Murray v Tofany, 36 AD2d 665). In any event, we note that in other instances where hearings have been adjourned to allow parolees an opportunity to exercise their constitutional or statutory rights, the adjournments have been charged to the parolee (see, e.g., People ex rel. Taylor v Van Dyk, 166 AD2d 855, 856, lv denied 77 NY2d 802; People ex rel. Sincento v New York State Bd. of Parole, 78 AD2d 574). Because there seems to be no reason to arrive at a contrary conclusion in this case, we conclude that the postponement from November 6, 1991 to December 4, 1991

was properly charged to petitioner and his parole hearing was therefore timely.

Finally, we are in accord with County Court's decision not to consider the merits of petitioner's challenge to the conduct of his hearing. As pointed out by respondents, at the time petitioner commenced this proceeding he had not taken an administrative appeal from the adverse determination pursuant to Executive Law § 259-i (4) and 9 NYCRR part 8006 *(see,* 9 NYCRR 8006.3 [a], [b]). Judicial review of alleged errors in the parole revocation process is precluded prior to the exhaustion of these remedies *(see, People ex rel. Taylor v Harris,* 180 AD2d 989, 990; *People ex rel. Gray v New York State Bd. of Parole,* 174 AD2d 874, 875, *lv denied* 78 NY2d 860) and the fact that petitioner did ultimately perfect his administrative appeal does not absolve him of this requirement nor validate his petition *nunc pro tunc (see, Matter of Alexander v New York State Bd. of Parole,* 175 AD2d 526, 527, *lv denied* 78 NY2d 863; *People ex rel. Gray v New York State Bd. of Parole, supra).* Accordingly, the petition was properly dismissed.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.