■ In the Matter of MARK LA BOUNTY, Appellant, v PAUL RUSSI, as Chairman of the Division of Parole, et al., Respondents. [617 NYS2d 651] —Crew III, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered February 8, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner, an inmate at Woodbourne Correctional Facility in Sullivan County, commenced this CPLR article 78 proceeding to set aside a determination denying him release on parole and to obtain an order directing respondents to provide him with copies of all records in respondents' possession relating to his arrests and convictions from certain jurisdictions. Respondents thereafter moved to dismiss this proceeding based upon petitioner's failure to exhaust his administrative remedies. Supreme Court granted respondents' motion, and this appeal by petitioner followed.

We affirm. The record indicates that there presently is pending an administrative appeal brought by petitioner seeking the very relief requested in this proceeding, and it is well settled that judicial review of any alleged errors in the parole process is precluded prior to the exhaustion of the administrative remedies available pursuant to 9 NYCRR part 8006 *(see, People ex rel. Woods v McGreevy,* 191 AD2d 938, 941; *People ex rel. Gray v New York State Bd. of Parole,* 174 AD2d 874, 875, *lv denied* 78 NY2d 860). Petitioner has failed to demonstrate that he will be unable to perfect his administrative appeal without the requested documentation, and his assertions that

he was denied access to certain records and that the records relied upon by respondents in denying him parole were inaccurate may be explored upon his administrative appeal.

Mercure, J. P., White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.