■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT B. HACKER, Respondent-Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants-Respondents. [644 NYS2d 97]
—Casey, J.

While on parole from a sentence imposed upon him as a second felony offender following his conviction of the crime of rape in the first degree, petitioner was charged with aggravated harassment based upon several threatening and harassing telephone calls to a female victim. As a result of the criminal charge, petitioner was also charged with violating his parole. Petitioner ultimately entered a plea of guilty to the underlying criminal charge and he was sentenced to time served. In the

meantime, petitioner entered a plea of guilty at the parole revocation hearing and, as promised, the Administrative Law Judge (hereinafter ALJ) recommended that petitioner's parole be revoked and then immediately be restored. The decision by the Commissioner of the Board of Parole, however, modified the ALJ's recommendation by ordering that petitioner be held until his maximum expiration date in September 1997.

Petitioner filed a notice of appeal with the Division of Parole pursuant to 9 NYCRR part 8006. Instead of perfecting the administrative appeal, however, petitioner commenced this habeas corpus proceeding pursuant to CPLR article 70. Concluding that the decision to revoke petitioner's parole failed to comply with the statutory mandate to "state the evidence relied upon and the reasons for revoking parole * * * and the reasons for the disposition made" (Executive Law § 259-i [3] [f] [xi]), Supreme Court granted the petition and ordered petitioner's release.

On this appeal, respondents contend that Supreme Court erred in refusing to dismiss the petition for petitioner's failure to exhaust administrative remedies, an affirmative defense raised in respondents' answer. There can be little doubt that a petitioner's failure to pursue an available administrative appeal to redress claimed errors in the parole revocation process can result in dismissal of a petition for habeas corpus relief (*see, Matter of Trimaldi v Superintendent of Washington Correctional Facility*, 169 AD2d 960). Dismissal is not required, however, when the claimed error is a violation of due process and immediate release is the only appropriate remedy for the violation (*see, People ex rel. Johnson v New York State Bd. of Parole*, 180 AD2d 914, 917; *see generally, Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57).

Petitioner contends that the absence of a detailed statement of the evidence relied upon and the reasons for refusing to follow the recommendation of the ALJ to restore petitioner to parole resulted in a violation of due process. In *Morrissey v Brewer* (408 US 471, 488-489), the United States Supreme Court set forth the minimum requirements of due process for parole revocation hearings. As relevant to this appeal, due process requires "a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole" (*supra,* at 489). The purpose of the requirement is to provide a sufficient decision to permit intelligent challenge by a party aggrieved and adequate judicial review following the determination (*see, Matter of Simpson v Wolansky*, 38 NY2d 391, 396). The written decision in this case includes the relevant factual background,

which is undisputed, and the analysis and recommendation of the ALJ. As the reasons for modifying the ALJ's recommendation, the decision states: "Given the violent nature of (petitioner's) criminal history any violation whatsoever is serious—especially new criminal behavior." We are of the view that the statement is sufficient to meet the requirements of due process. It states the facts relied on—the violent nature of petitioner's criminal history and a violation involving new criminal behavior—and the reason for modifying the ALJ's recommendation—the facts establish that the violation is serious. Petitioner claims that modification was not justified without additional facts or other reasons, but the claim is directed at the substantive merits of the decision and not its procedural sufficiency.

Having found no merit in petitioner's due process claim, we conclude that any other nonconstitutional claim of error in the parole revocation process is barred by petitioner's failure to pursue the available administrative appeal (*see, Matter of Trimaldi v Superintendent of Washington Correctional Facility, supra*). Petitioner also challenges the sentence imposed upon his plea of guilty to the aggravated harassment charge, but habeas corpus is not available for such a challenge (*see, People ex rel. De Cicco v Le Fevre*, 108 AD2d 995).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.