■ The People of the State of New York ex rel. Jeffrey Childs, Appellant, v Floyd G. Bennett, as Superintendent of Cape Vincent Correctional Facility, et al., Respondents. [647 NYS2d 645] —Judgment unanimously affirmed without costs.

Memorandum: On February 8, 1995, relator was declared delinquent and in violation of his special conditions of parole. He waived his right to a preliminary parole revocation hearing and, at the final parole revocation hearing, pleaded "guilty with an explanation". The Administrative Law Judge (ALJ), as agreed, recommended parole revocation with a minimum incarceration of 12 months before relator would be eligible for parole. Relator was advised and understood that the recommendation would be subject to final approval by the New York State Parole Board (Parole Board). The Parole Board modified the recommendation of the ALJ by increasing the minimum incarceration to 24 months. Relator filed a notice of administrative appeal in April 1995 but neither perfected that appeal nor requested an extension of time to do so. Instead, he commenced this proceeding seeking habeas corpus relief in January 1996. Supreme Court dismissed the petition. We affirm.

Where, as here, the issues relator raises could have been raised in an administrative appeal and relator has not demonstrated that he has exhausted his administrative remedies with respect to them, habeas corpus relief is not available (*see, People ex rel. Hacker v New York State Div. of Parole*, 228 AD2d 849, *lv denied* 88 NY2d 809; *People ex rel. McDaniel v Herbert*, 225 AD2d 1095). Moreover, we conclude that, in the circumstances of this case, the court properly determined that relator may not rely on his lack of a transcript to avoid the requirement that he exhaust his administrative remedies before seeking judicial relief. Lastly, we conclude that the court did not abuse its discretion in failing to assign counsel to represent relator in this habeas corpus proceeding inasmuch as the record does not indicate that relator requested that counsel be assigned to him (*see, People ex rel. Williams v La Vallee*, 19 NY2d 238). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Habeas Corpus.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.