■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE VAZQUEZ, Appellant, v BRION TRAVIS, as Chair of the Executive Branch of the New York State Division of Parole, et al., Respondents. [653 NYS2d 737] —Appeal from a judgment of the Supreme Court (Lewis, J.), entered June 20, 1996 in Clinton County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in 1973 of the crime of murder in the first degree. Although he was released on parole in March 1992, petitioner's parole was revoked in November 1994, fol-

lowing a parole revocation hearing. At the hearing, petitioner pleaded guilty to charges that he used illegal drugs and failed to comply with the requirements of a drug treatment program in violation of the terms of his parole. Petitioner filed but failed to perfect an administrative appeal from this determination. His subsequent application for a writ of habeas corpus was dismissed by Supreme Court. We affirm.

Habeas corpus relief is inappropriate in cases where the claimed errors could have been remedied by means of an administrative appeal (*see*, 9 NYCRR 8006.3 [a], [b]; *People ex rel. Woods v McGreevy*, 191 AD2d 938, 941; *see also, Matter of La Bounty v Russi*, 208 AD2d 1071). Because petitioner's contentions, i.e., insufficiency of the evidence and ineffective assistance of counsel at the final parole revocation hearing, could have been addressed in the course of an administrative appeal, the instant habeas corpus proceeding was appropriately dismissed by Supreme Court for failure to exhaust available administrative remedies.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.