■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CRAIG SCOTT, Appellant, v WENDELL R. BABBIE, as Superintendent of Altona Correctional Facility, et al., Respondents. [670 NYS2d 617] —Spain, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered July 18, 1997 in Clinton County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

While on parole from a sentence imposed upon him as a second felony offender following his conviction of the crimes of attempted rape in the first degree and attempted robbery in the first degree, petitioner was served with a parole violation warrant and taken into custody on October 31, 1996. A final parole revocation hearing was held on January 14, 1997, whereupon an Administrative Law Judge (hereinafter ALJ) issued a decision sustaining charges alleging that petitioner failed to report to his parole officer and failed to notify the parole office of a change in residence. The ALJ recommended that petitioner's parole status be revoked and then restored

---

(allowing for time served). On January 30, 1997, a Commissioner of the Board of Parole, without opinion, modified the ALJ's recommendation by ordering that petitioner be held for 24 months. Petitioner filed but failed to perfect an administrative appeal to the Division of Parole from this determination. Instead, he applied for a writ of habeas corpus which was dismissed by Supreme Court for failure to exhaust his administrative remedies. Petitioner appeals.

We affirm. Notably, the denial of parole may not generally be challenged by way of habeas corpus, "[i]nasmuch as parole decisions are discretionary and prisoners have no right to such release prior to the expiration of their sentences" (*People ex rel. Quartararo v Demskie*, 238 AD2d 792, 793, *lv denied* 90 NY2d 802). Moreover, it is well settled that "[h]abeas corpus relief is inappropriate in cases where the claimed errors could have been remedied by means of an administrative appeal" (*People ex rel. Vazquez v Travis*, 236 AD2d 745, 746; *see*, 9 NYCRR part 8006).

Here, while the Commissioner's failure to articulate a reason for the modification raises due process concerns (*see*, *People ex rel. Hacker v New York State Div. of Parole*, 228 AD2d 849, 850, *lv denied* 88 NY2d 809), the record does not establish that petitioner's immediate release was the only appropriate remedy for the violation such that Supreme Court was *required* to grant the petition (*see*, *id.*). To the contrary, the claimed error could have been addressed in an administrative review of the Commissioner's determination, as well as by judicial review pursuant to CPLR article 78 (*see*, *People ex rel. Quartararo v Demskie*, *supra*, at 452-453). Thus, we decline to hold that Supreme Court erred in dismissing the petition (*see*, *People ex rel. Gray v New York State Bd. of Parole*, 174 AD2d 874, 875, *lv denied* 78 NY2d 860; *see also*, *Matter of Boyer v Chairman, New York State Parole Bd.*, 199 AD2d 584).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.