The People of the State of New York ex rel., Joel E. Gibbs, Appellant, v New York Board of Parole et al., Respondents. [672 NYS2d 271] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 23, 1997 in Ulster County, which denied petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Following a final parole revocation hearing at which he pleaded guilty to failing to report to his parole officer, petitioner's parole was revoked and he was restored to a 90-day residential drug and alcohol treatment program. Instead of perfecting his administrative appeal, petitioner filed the instant petition for a writ of habeas corpus. Supreme Court denied the application for failure to exhaust administrative remedies and petitioner appeals.

We affirm. Supreme Court properly denied the petition without a hearing inasmuch as petitioner failed to pursue his available administrative remedies (*see, People ex rel. Carroll v Russi*, 232 AD2d 692) or to raise the type of constitutional claims that would justify departing from the general rule requiring exhaustion of administrative remedies (*see, Matter of Boyer v Chairman, New York State Parole Bd.*, 199 AD2d 584).

In any event, because he received a final revocation hearing within 90 days after waiving his right to a preliminary parole revocation hearing, petitioner's challenge to the timeliness of those hearings is without merit (*see,* Executive Law § 259-i [3] [f] [i]; *People ex rel. Hatterson v Walters,* 100 AD2d 978).

We have reviewed petitioner's remaining contentions and find them to be either unpreserved for our review or lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.