■ The People of the State of New York ex rel. Anthony King, Appellant, v Peter J. Lacy, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [675 NYS2d 421] —Appeal from a judgment of the Supreme Court (Demarest, J.), entered November 12, 1997 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, a prison inmate, was released on parole. He was subsequently charged with violations of the conditions of his parole, including the use of cocaine, failing to make an office report and failing to attend a specified drug treatment program. A parole revocation hearing was conducted and after reserving decision, the Administrative Law Judge (hereinafter ALJ) recommended that petitioner's parole be revoked. Respondent State Board of Parole accepted the ALJ's determination but reduced the recommended parole hold to 18 months. Petitioner served a notice of his intention to take an administrative appeal and, alleging certain defects in the hearing, commenced this habeas corpus proceeding.

We affirm. Supreme Court properly dismissed the petition

---

because petitioner commenced this proceeding prior to exhausting all administrative remedies (*see, People ex rel. Scott v Babbie*, 248 AD2d 909; *People ex rel. Vazquez v Travis*, 236 AD2d 745, *appeal dismissed* 91 NY2d 847). In our view, petitioner's excuse for not pursuing his administrative appeal is without merit. Even if petitioner had not been promptly provided a copy of the ALJ's written findings and decision, petitioner could have requested an extension of his time to perfect rather than abandon his administrative remedy and commence the instant habeas corpus proceeding. As petitioner's claims could have been addressed by an administrative appeal, we conclude that Supreme Court properly dismissed the petition.

Having reviewed petitioner's remaining contentions, we find them to be lacking in merit.

Yesawich Jr., J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.