(February 10, 2000)·

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN GREANY, Appellant, v BRION D. TRAVIS, as Chairman of the New York State Division of Parole, et al., Respondents. [702 NYS2d 468] —Spain, J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered April 13, 1999 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

While on parole from a sentence imposed for his conviction of various drug-related crimes, petitioner was charged with several parole violations stemming from an incident which led to his arrest for assault in the first degree. Following a parole revocation hearing, the Administrative Law Judge sustained all but one of the charges and recommended that petitioner's parole be revoked. The State Board of Parole accepted the recommendation and petitioner subsequently filed a notice of administrative appeal. Prior to perfecting the appeal, however, petitioner commenced this CPLR article 70 proceeding challenging the parole revocation determination on evidentiary and procedural grounds. Supreme Court dismissed the petition for failure to exhaust administrative remedies and petitioner appeals.

We affirm. Supreme Court properly dismissed the petition because petitioner failed to demonstrate that he exhausted his administrative remedies by pursuing his administrative appeal prior to commencing this proceeding (see, People ex rel. King v Lacy, 252 AD2d 701, lv denied 92 NY2d 811; People ex rel. Joyce v New York State Div. of Parole, 249 AD2d 638). Moreover, even crediting petitioner's unsupported allegation that the administrative appeal was ultimately perfected, such a belated effort would not satisfy the exhaustion requirement or validate the petition nunc pro tunc (see, People ex rel. Woods v McGreevy, 191 AD2d 938, 941; Matter of Alexander v New York State Bd. of Parole, 175 AD2d 526, 527, lv denied 78 NY2d 863). Finally, even if petitioner's constitutional claim might arguably justify a departure from the general rule requiring exhaustion of administrative remedies (see, People ex rel. Hacker v New York State Div. of Parole, 228 AD2d 849, 850, lv

*denied* 88 NY2d 809), habeas corpus relief is nonetheless unavailable because the claim would not entitle petitioner to immediate release (*see, People ex rel. Joyce v New York State Div. of Parole, supra,* at 638; *People ex rel. Quartararo v Demskie,* 238 AD2d 792, 793-794, *lv denied* 90 NY2d 802).

Petitioner's remaining contentions have been reviewed and rejected as lacking in merit.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.