■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGEL E. ROLON, Appellant, v BRION D. TRAVIS, as Chairman of the New York State Board of Parole, et al., Respondents. [711 NYS2d 362] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered November 12, 1999 in Chemung County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted of robbery in the first degree in 1979 and was sentenced to a term providing for a maximum of 10 years in prison. After petitioner was released to parole supervision, he was rearrested on a new charge and convicted in 1985 of robbery in the first degree and was sentenced as a second violent felony offender to a term of $12\frac{1}{2}$ to 25 years in prison. Petitioner brought this application seeking a writ of habeas corpus, principally claiming that he was improperly sentenced as a second violent felony offender and the present term of his imprisonment was improperly calculated. Petitioner also disputes the most recent denial of his request for parole release. Petitioner's application for habeas corpus relief was dismissed by Supreme Court and we affirm.

It is well settled that habeas corpus relief is inappropriate in cases where the claimed errors could have been advanced on direct appeal or in a CPL article 440 motion or remedied by means of an administrative appeal (see, *People ex rel. Jackson v McGinnis*, 251 AD2d 731, *appeal dismissed, lv denied* 92 NY2d 913; *People ex rel. Vazquez v Travis*, 236 AD2d 745, 746, *appeal dismissed* 91 NY2d 847). Here, we note that petitioner's 1985 conviction was affirmed by the Second Department in 1988 (see, *People v Rolon*, 145 AD2d 658, *lvs denied* 73 NY2d 982, 74 NY2d 668) and the dismissal of the CPLR article 78

proceeding he commenced challenging the recalculation of his sentence was affirmed by this Court in 1990 (*see, Matter of Rolon v Senkowski*, 160 AD2d 1072, 1073). Upon review of the issues currently before this Court, we find nothing presented herein which would justify a departure from traditional orderly procedure (*see, People ex rel. Woodard v Berry*, 143 AD2d 457, *lv denied* 73 NY2d 705).

As for petitioner's additional contention that he was recently improperly denied parole release, we note that he fails to indicate whether an administrative appeal has been pursued. In any event, we are unpersuaded that petitioner has raised the type of claim "that would justify departing from the general rule requiring exhaustion of administrative remedies" (*People ex rel. Gibbs v New York Bd. of Parole*, 251 AD2d 718, *lv denied* 92 NY2d 814).

The remaining arguments raised by petitioner have been examined and found to be similarly unpersuasive.

Crew III, J. P., Carpinello, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.