██ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNEDY HOWE, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, et al., Respondents. [795 NYS2d 382]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 27, 2004 in Clinton County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was released to parole supervision in November 2002. In June 2003, petitioner was charged with violating various conditions of his parole. At the final parole revocation hearing, petitioner admitted to violating the terms of his parole by using cocaine. Thereafter, petitioner's parole was revoked and a 24-month delinquent time assessment imposed. While petitioner's administrative appeal was still pending, he commenced this habeas corpus proceeding challenging the parole revocation determination on the ground that he was improperly denied his right to a preliminary parole revocation hearing. Supreme Court, finding that petitioner effectively waived his right to a preliminary parole revocation hearing, dismissed the petition and this appeal ensued.

We affirm the dismissal of the petition, albeit on a different ground than that expressed by Supreme Court. Here, the record establishes that petitioner prematurely commenced this habeas corpus proceeding prior to his administrative remedies being exhausted (*see generally People ex rel. Tyler v Travis*, 269 AD2d 636 [2000]; *People ex rel. Carroll v Russi*, 232 AD2d 692 [1996]). The fact that the administrative appeal has since been decided and, according to the Attorney General, affirmed, does "not satisfy the exhaustion requirement or validate the petition nunc pro tunc" (*People ex rel. Greany v Travis*, 269 AD2d 666, 666 [2000], *lv denied* 94 NY2d 765 [2000]; *see People ex rel. Woods v McGreevy*, 191 AD2d 938 [1993]; *Matter of Alexander v New York State Bd. of Parole*, 175 AD2d 526 [1991], *lv denied* 78 NY2d 863 [1991]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.