▬ THE PEOPLE OF STATE OF NEW YORK ex rel. LARRY A. BRATTON, Appellant, v CHRIS MELLAS, as Superintendent of Watertown Correctional Facility, Respondent. [812 NYS2d 923]—

Appeal from a judgment of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered March 11, 2004 in a habeas corpus proceeding. The judgment granted respondent's motion and dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted respondent's motion seeking dismissal of the petition for a writ of habeas corpus based upon the failure of petitioner to exhaust his administrative remedies. "[I]t is well settled that '[h]abeas corpus relief is inappropriate in cases where the claimed errors could have been remedied by means of an administrative appeal' " (*People ex rel. Scott v Babbie*, 248 AD2d 909, 910 [1998], *lv denied* 92 NY2d 803 [1998], quoting *People ex rel. Vazquez v Travis*, 236 AD2d 745, 746 [1997], *appeal dismissed* 91 NY2d 847 [1997]; *see People ex rel. Faison v Travis*, 277 AD2d 916 [2000], *lv denied* 96 NY2d 705 [2001]). We reject the contention of petitioner that he was not required to exhaust his administrative remedies because he is raising a constitutional issue (*see generally Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). A petition is properly dismissed based on the failure of a petitioner "to exhaust his [or her] administrative remedies

where, as here, the alleged constitutional error could have been remedied in the administrative appeal process" (*People ex rel. McDaniel v Travis*, 288 AD2d 940, 941 [2001], *lv denied* 97 NY2d 613 [2002]; *see also People ex rel. Wethington v Beaver*, 306 AD2d 945, 946 [2003]; *People ex rel. Childs v Bennett*, 231 AD2d 951, 952 [1996], *lv denied* 89 NY2d 802 [1996]; *cf. People ex rel. Hacker v New York State Div. of Parole*, 228 AD2d 849 [1996], *lv denied* 88 NY2d 809 [1996]). Finally, we conclude that petitioner's contention that the parole officer violated certain rules and regulations in securing a urine sample from petitioner does not "justify a departure from the general rule requiring exhaustion of administrative remedies" (*People ex rel. Greany v Travis*, 269 AD2d 666, 666 [2000], *lv denied* 94 NY2d 765 [2000]; *see Wethington*, 306 AD2d at 946; *People ex rel. Gibbs v New York Bd. of Parole*, 251 AD2d 718 [1998], *lv denied* 92 NY2d 814 [1998]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.