■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DE MARTA, Appellant, v LARRY SEARS, as Superintendent of Franklin Correctional Facility, et al., Respondents. [819 NYS2d 584]—

Peters, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 16, 2006 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, an inmate at Franklin Correctional Facility in Franklin County, commenced this CPLR article 70 proceeding for habeas corpus relief challenging the legality of his incarceration following his parole revocation. Specifically, petitioner argued that the underlying parole revocation warrant was improperly issued and he was unable to perfect an administrative appeal inasmuch as he never received appropriate notification of the parole revocation decision. Supreme Court dismissed the petition, finding that the record demonstrated that petitioner had been duly served with the decision and, as such, his failure to exhaust his administrative remedies prohibited habeas corpus relief. Petitioner now appeals.

A habeas corpus proceeding is inappropriate where the claimed error could have been addressed on administrative appeal (see *People ex rel. Bariteau v Donelli*, 24 AD3d 1065, 1065 [2005]; *People ex rel. Howe v Travis*, 18 AD3d 1052, 1052 [2005]). Here, it is undisputed that petitioner never exhausted his administrative remedies. Although petitioner argues that his ability to perfect an administrative appeal was "totally blocked" because he was not notified of the parole revocation decision, an affidavit from Cathy Hinsch, a program aide for the Division of Parole, demonstrates the contrary. The Hinsch affidavit explained the Division's routine office practices regarding

service of decisions and attested to the fact that the underlying parole revocation decision in this case was indeed mailed to the Dutchess County Jail on June 9, 2005, the facility where petitioner was being housed at that time. This evidence, in our view, was sufficient to establish that petitioner was notified of the parole revocation decision (*see generally Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]; *Badio v Liberty Mut. Fire Ins. Co.*, 12 AD3d 229, 229-230 [2004]). In light of the foregoing, Supreme Court properly dismissed the petition for failure to pursue available administrative remedies. Given our disposition, petitioner's remaining arguments have been rendered academic.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.