■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHRISTO-PHER D. ARIOLA, Appellant, v LAWRENCE F. SEARS, as Superintendent of Franklin Correctional Facility, Respondent. [862 NYS2d 635]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 5, 2007 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following a final parole revocation hearing in May 2007, petitioner's parole was revoked and a 24-month delinquent time assessment was imposed based upon his alleged failure to cooperate in a mental health/substance abuse evaluation. Petitioner thereafter commenced this proceeding challenging his detention, contending that he was violated for failing to comply with an "unapproved" condition of his parole and, hence, the violation and his subsequent detention were illegal. Supreme Court, sua sponte, denied the petition based upon petitioner's failure to exhaust his administrative remedies. This appeal ensued.

We affirm. Habeas corpus relief is inappropriate where, as here, the claimed error could have been addressed upon an administrative appeal (*see People ex rel. De Marta v Sears*, 31 AD3d 918 [2006], *lv denied* 7 NY3d 715 [2006]; *People ex rel. Wethington v Beaver*, 306 AD2d 945 [2003]). The underlying petition was silent as to whether an administrative appeal had been perfected or whether any resulting decision had been rendered and, therefore, Supreme Court properly denied the petition on that basis. Moreover, even if petitioner's purported constitutional claims might otherwise "justify a departure from the general rule requiring exhaustion of administrative remedies" (*People ex rel. Greany v Travis*, 269 AD2d 666, 666 [2000], *lv denied* 94 NY2d 765 [2000], habeas corpus relief nonetheless is unavailable as such claims, even if meritorious, would not entitle petitioner to immediate release (*see id.* at 667; *see also People ex rel. Wethington v Beaver*, 306 AD2d at 946; *People ex rel. Joyce v New York State Div. of Parole*, 249 AD2d 638 [1998]).

Spain, J.P., Carpinello, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.