■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD GRIFFITH, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [889 NYS2d 875]—

While on parole from a sentence imposed for his conviction of rape in the first degree, petitioner was charged with several parole violations stemming from, as relevant here, his refusal to participate in a required sex offender treatment program. At a parole revocation hearing, petitioner pleaded guilty to a charge of failing to comply with instructions from his parole officer, after which his parole was revoked and a 20-month time assess-

ment was imposed. Thereafter, petitioner commenced this CPLR article 70 proceeding challenging the parole revocation determination. Supreme Court dismissed the petition for failure to exhaust administrative remedies and petitioner appeals.

We affirm. Habeas corpus relief is inappropriate where, as here, the petitioner has failed to demonstrate that he or she exhausted the available administrative remedies (*see People ex rel. Ariola v Sears*, 53 AD3d 1001, 1002 [2008], *lv denied* 11 NY3d 710 [2008]; *People ex rel. De Marta v Sears*, 31 AD3d 918, 918-919 [2006], *lv denied* 7 NY3d 715 [2006]). It is undisputed that petitioner failed to perfect his administrative appeal and, therefore, Supreme Court properly dismissed the petition.

Cardona, P.J., Spain, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.