■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN PET-TIJOHN, Appellant, v DARWIN E. LACLAIR, as Superintendent of Franklin Correctional Facility, et al., Respondents. [913 NYS2d 347]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 19, 2010 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in 1989 of the crimes of manslaughter in the first degree and robbery in the second degree and was sentenced, respectively, to concurrent terms of $8^1/_3$ to 25 and $2^1/_3$ to 7 years in prison. After he was released to parole supervision in 2006, his supervision was transferred to Massachusetts under the Interstate Compact for Adult Offender Supervision (*see* Executive Law § 259-mm). Thereafter, petitioner was charged with various parole violations. He was arrested in Massachusetts and extradicted to New York where proceedings were brought to revoke his parole. Petitioner waived a preliminary hearing. Following a final parole revocation hearing, an administrative law judge found that petitioner had violated the conditions of his parole and recommended that his parole be revoked and that he be held until his maximum expiration date. The Board of Parole adopted this determination. Thereafter, petitioner filed an administrative appeal, but before the appeal was perfected, he commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus. Supreme Court concluded that petitioner had not exhausted his administrative remedies and denied the petition. Petitioner appeals.

We affirm. "A challenge to the revocation of parole fails to state a cause of action when an administrative appeal from the determination is not timely perfected and, thus, the petitioner has failed to exhaust his or her administrative remedies" (*Matter of Boddie v Alexander*, 65 AD3d 1446, 1447 [2009] [citations omitted], *appeal dismissed* 13 NY3d 886 [2009]; *see People ex*

*rel. Griffith v New York State Div. of Parole,* 68 AD3d 1390, 1391 [2009]). The record reveals that, at the time petitioner commenced this CPLR article 70 proceeding, he had retained counsel to pursue an administrative appeal and that process had begun, but the appeal had not yet been perfected. Consequently, petitioner has failed to fully exhaust his administrative remedies. Furthermore, his constitutional claim does not relieve him of this responsibility (*see Matter of Boddie v Alexander,* 65 AD3d at 1447), particularly since this claim would not entitle him to immediate release even if it had merit (*see People ex rel. Greany v Travis,* 269 AD2d 666, 667 [2000], *lv denied* 94 NY2d 765 [2000]). Therefore, Supreme Court properly denied petitioner's application.

Mercure, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.