■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL J. D'ADAMO, Appellant, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, et al., Respondents. [926 NYS2d 683]—

Appeal from a judgment of the Supreme Court (Richards, J.), entered July 12, 2010 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1998, petitioner was convicted of the crimes of attempted rape in the first degree and rape in the second degree and was sentenced, respectively, to concurrent terms of 7$^1$/$_2$ to 15 years and 2$^1$/$_3$ to 7 years in prison. In 2008, he was released to parole supervision. In 2009, he was charged with violating certain conditions of his parole, including a condition prohibiting him from possessing photographs of minors without his parole officer's permission. After petitioner pleaded guilty to this charge at a final parole revocation hearing, his parole was revoked and he was returned to the custody of the Department of Correctional Services. Petitioner took an administrative appeal and, when he did not receive a timely response, he brought the instant CPLR article 70 proceeding seeking a writ of habeas corpus. Supreme Court denied the petition without a hearing, resulting in this appeal.

Petitioner contends that his due process rights were violated and that he was denied a fair and impartial parole hearing because he was not given an opportunity at the hearing to plead guilty with explanation to the parole violation. This claim is belied by the transcript of the final parole revocation hearing which clearly reveals that petitioner was given the option of pleading guilty with explanation. In any event, even if the claim had merit, it would not entitle petitioner to immediate release from prison and, hence, habeas corpus relief is unavailable (see People ex rel. Lopez v People, 79 AD3d 1555, 1556 [2010]; People ex rel. Ariola v Sears, 53 AD3d 1001, 1002 [2008], lv denied 11 NY3d 710 [2008]). Accordingly, Supreme Court properly denied the petition.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.