Appeal from a judgment of the Supreme Court (Devine, J.), entered March 6, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
In 1994, petitioner was convicted of manslaughter in the second degree and other crimes (see People v Gonzalez, 239 AD2d 931 [1997], lv denied 90 NY2d 893 [1997]). Petitioner was released to parole supervision in 2009, and he was subsequently charged with violating the conditions of his parole in December 2010. A lengthy parole revocation hearing was thereafter conducted that resulted in petitioner pleading guilty to two of the charges on April 5, 2011. Per his request, petitioner received a hearing transcript for April 5, 2011, but did not receive transcripts for the other hearing dates, which included the negotiations leading up to the plea. He commenced this CPLR article 78 proceeding seeking an order compelling respondent to provide him with the missing transcripts and to conduct a reconstruction hearing to develop the factual basis for the plea negotiations, as well as a declaration concerning respondent’s duty to record the revocation hearing.* Respondent moved to dismiss the petition due to, among other things, petitioner’s failure to exhaust his administrative remedies. Supreme Court granted the motion and this appeal ensued.
We affirm. Inasmuch as petitioner did not perfect his administrative appeal from the parole revocation decision, he has failed to exhaust his administrative remedies and is precluded from challenging this decision (see People ex rel. Pettijohn v LaClair, 78 AD3d 1395, 1395-1396 [2010]; Matter of Sumpter v Supreme Ct. of Bronx County, 76 AD3d 1155, 1156 [2010]). This applies as well to his request for declaratory relief, which is directly related to this decision, as petitioner has not demonstrated that resort to administrative remedies would be *1324 futile or would cause irreparable injury (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d 840, 841 [2012]). Furthermore, petitioner is not entitled to relief in the nature of mandamus to compel given that his request that the plea negotiations be recorded is a discretionary act and not a duty that the Board of Parole is specifically commanded to perform by law (see Matter of Vestal Teacher’s Assn. v Vestal Cent. School Dist., 5 AD3d 922, 923 [2004]; see also Executive Law § 259-i [6] [a]).
Peters, EJ., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 Petitioner subsequently received the missing transcripts and has abandoned his request for relief with respect thereto.