■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT AMATO, Appellant, v ADA PEREZ, as Superintendent of Downstate Correctional Facility, Respondent. [968 NYS2d 646]—

Appeal from a judgment of the Supreme Court (Lawliss, J.), entered July 24, 2012 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1993, petitioner was convicted of a number of crimes, including robbery in the first degree, and was sentenced to an aggregate term of 10 to 20 years in prison. In 2010, he was released to parole supervision, but was thereafter charged with violating the conditions of his parole. He pleaded guilty to one of the violations, his parole was revoked and a 12-month time assessment was imposed that would be forgiven if he completed a 90-day drug treatment program, typically conducted at the Willard Drug Treatment Campus.

Petitioner was thereafter transferred to Downstate Correctional Facility in Dutchess County. He commenced this proceeding for a writ of habeas corpus claiming that his detention was illegal because he was not transferred to a drug treatment program in accord with the plea agreement. During the pendency of the proceeding, the Department of Corrections and Community Supervision changed petitioner's security classification due to the issuance of an arrest warrant against him in Connecticut. Accordingly, the Department transferred him to Clinton Correctional Facility in Clinton County, a maximum security prison. After this proceeding was transferred to Clinton County, Supreme Court dismissed petitioner's application, without a hearing, resulting in this appeal.

We affirm. Initially, as petitioner's security status has changed due to the Connecticut arrest warrant, he is now ineligible to

participate in the drug treatment program. Moreover, even if petitioner's claim had merit, he would, at most, be afforded the opportunity to withdraw his plea and would not be entitled to immediate release from prison. Accordingly, habeas corpus relief is unavailable (*see People ex rel. Shannon v Khahaifa*, 74 AD3d 1867, 1867 [2010], *lv dismissed* 15 NY3d 868 [2010]; *People ex rel. Muhammad v Bradt*, 68 AD3d 1391, 1392 [2009]; *see also People ex rel. Ariola v Sears*, 53 AD3d 1001, 1002 [2008], *lv denied* 11 NY3d 710 [2008]).

Peters, P.J., Rose, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.