*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 11, 2014                    517731
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. CURTIS
    WHITE,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

BRANDON J. SMITH, as
    Superintendent of Green
    Correctional Facility, et al.,
                    Respondents.
_____


Calendar Date:    August 4, 2014

Before:    Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____


        Curtis White, Coxsackie, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondents.

_____


        Appeal from a judgment of the Supreme Court (Elliott, J.),
entered October 17, 2013 in Greene County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 70, without a hearing.

        In 1991, petitioner was convicted of rape in the first
degree and sentenced to 8⅓ to 25 years in prison (People v
White, 185 AD2d 472 [1992], lv denied 80 NY2d 935 [1992]).  He
was released to parole supervision in September 2011 and charged
with violating his parole in February 2012.  At the final
revocation hearing, petitioner pleaded guilty to two charges of
violating his parole — failing to abstain from alcoholic
beverages and failing to keep a log truthfully detailing his

daily events — and a delinquency time assessment of 14 months was imposed.  Respondents concede that the Board of Parole did not respond to petitioner's administrative appeal within four months and, thus, his administrative remedies were deemed exhausted. Petitioner commenced this proceeding for a writ of habeas corpus, seeking immediate release, challenging the sufficiency of both his plea allocution and the evidence of his guilt and asserting that he received ineffective assistance of counsel in the plea proceeding.  Supreme Court dismissed petitioner's application and this appeal ensued.

We affirm.  As Supreme Court concluded, petitioner would not be entitled to immediate release from prison even if his claims had merit; at most, he would be entitled to vacatur of his plea and a new final parole revocation hearing (see People ex rel. Amato v Perez, 107 AD3d 1259, 1259-1260 [2013]; see also People ex rel. D'Adamo v Artus, 85 AD3d 1459, 1459 [2011], lv denied 17 NY3d 714 [2011]).  Accordingly, habeas corpus relief is unavailable.  Moreover, under the circumstances of this case, conversion of this proceeding to a CPLR article 78 proceeding is unwarranted (compare People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]).

Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court